## SHARON CHOUINARD *v.* MASSOUD A. MARJANI
## (7729)

DUPONT, C. J., SPALLONE and BARNETT, Js.

Argued November 14, 1989—decision released May 29, 1990

*Terence D. Mariani,* for the appellant (plaintiff).

*Joseph A. Mengacci,* for the appellee (defendant).

SPALLONE, J. The plaintiff brought this action alleging negligence and intentional assault against the defendant, her doctor, for damages resulting from surgery performed on her without consent. The plaintiff appeals from the trial court's judgment rendered upon a directed verdict for the defendant on the negligence claim, and upon a jury verdict for the defendant on the assault claim. She asserts that the trial court erred (1) in excluding from evidence any reference to allegedly false signatures appearing on a surgical consent form, (2) in refusing to grant motions for a continuance, (3) in admitting certain deposition testimony into evidence, and (4) in directing a verdict for the defendant on the plaintiff's claim of negligence. We find error.

The following facts are uncontested. The defendant, an oncology surgeon, treated the plaintiff from 1973

to 1981 for recurring benign breast cysts, performing surgical procedures on the plaintiff in 1974 and 1976 to excise masses in both her breasts. In February, 1981, the defendant again found a mass in the plaintiff's left breast and a smaller mass in the right breast. On February 17, 1981, during an office visit, the parties agreed that surgical excision of the mass in the left breast was warranted. On February 26, the defendant performed surgery on both breasts.

The plaintiff denies that she gave her consent to the surgical intrusion on her right breast. The defendant claims that the parties discussed the possible need for surgery on both breasts (bilateral surgery) and agreed that the decision would be left to the defendant's medical judgment. The defendant testified that the plaintiff, while in the hospital awaiting surgery, was informed of, and gave oral consent to, the bilateral surgery.

I

Before trial, the plaintiff subpoenaed the hospital records pertaining to her treatment. Included was a document entitled "Permission for Operation or Special Procedure," a consent form containing a description of the proposed surgery. The defendant admits to making this entry in his own hand, to signing his name on the line labeled "Consent Obtained By" and to dating the form on February 17, 1981.

The document also contains handwritten entries for the name of the patient and the attending physician and bears what purport to be the signatures of the patient and a witness to the signing, Betty Williams, who was the office nurse employed by the defendant at that time. The plaintiff and the nurse both denied, out of the hearing of the jury, that the signatures were their own.

The defendant filed a motion in limine seeking to bar the plaintiff or her lawyer "from making any reference to an alleged falsification of her signature [on the form] . . . absent any claims or proof that the defendant signed her name." The court granted the motion, finding that because the defendant was relying on oral consent, the document was irrelevant and prejudicial to the defendant. The court redacted the document to remove all material not admittedly entered by the defendant and admitted into evidence the form bearing only the description of the procedure and the defendant's dated signature.

A

We agree with the plaintiff that the trial court, in granting the defendant's motion in limine, improperly excluded relevant evidence. While there is no precise test for relevancy, evidence is admissible if it tends to establish a fact in issue; *Dunham* v. *Dunham,* 204 Conn. 303, 324, 528 A.2d 1123 (1987); and if its probative value is not far outweighed by its prejudicial effect. *State* v. *Fritz,* 204 Conn. 156, 169, 527 A.2d 1157 (1987). Mindful of the difficulty in balancing probative value against prejudicial effect; *State* v. *Tucker,* 181 Conn. 406, 416, 435 A.2d 986 (1980); appellate courts have recognized that the trial court has broad discretion in determining the admissibility of evidence, and its rulings will not be disturbed absent a showing of a clear abuse of discretion. *State* v. *Boucino,* 199 Conn. 207, 225, 506 A.2d 125 (1986); *State* v. *Speers,* 17 Conn. App. 587, 601–602, 554 A.2d 769 (1989).

The only issue at trial was whether the plaintiff gave her consent to bilateral surgery, an issue tightly bound to the credibility of the parties, particularly as the defendant asserted that the plaintiff orally consented. In his signed interrogatories, the defendant stated that on February 17, 1981, he had obtained the plaintiff's

*written* consent to surgery on both breasts. Such a consent form was filed in the hospital records, admittedly dated and signed by the defendant. If genuine, the form would have been conclusive evidence supporting the defense that the plaintiff had agreed to the surgical procedures on both breasts. At trial, however, the defendant repudiated his earlier assertions, denied obtaining the plaintiff's written consent, agreed with her that on February 17, 1981, surgery was planned on the left breast only, and claimed that the plaintiff subsequently gave her oral consent to bilateral surgery. We find that the allegedly forged form was relevant to the jury's assessment of the inconsistencies in the defendant's accounts.

The defendant objected to the admission into evidence of the entire form with its alleged forgeries on the ground that its prejudicial effect outweighed its probative value. Evidence that is inadmissibly prejudicial is not to be confused with evidence that is merely damaging. *State* v. *Waterman,* 7 Conn. App. 326, 350, 509 A.2d 518, cert. denied, 200 Conn. 809, 512 A.2d 231 (1986). All evidence adverse to a party is, to some degree, prejudicial. To be excluded, the evidence must create prejudice that is *undue* and so great as to threaten an injustice if the evidence were to be admitted. Id. At the hearing on the motion in limine, the burden was on the defendant to demonstrate that the character of the prejudice entitled him to prevail on his motion to exclude the evidence. *State* v. *Binet,* 192 Conn. 618, 624, 473 A.2d 1200 (1984). We conclude that the defendant failed to sustain his burden of showing that the prejudice likely to result from admitting this relevant and material document outweighed its probative value.

## B

The defendant argues that even if the document were relevant and not unduly prejudicial, the form was prop-

erly barred from introduction into evidence because the plaintiff offered no foundation linking the alleged forgeries to the defendant. We disagree.

The record here reflects that the defendant had a legal duty to the plaintiff, defined by hospital rules and health department regulations, to file an executed consent form prior to surgery. The office nurse, Betty Williams, testified that the blank forms were kept at all times in the possession and control of the defendant until the time she would hand deliver each form to the hospital. She denies delivering the form in question. A hospital nurse testified that a completed form was present in the plaintiff's hospital records before surgery and that access to these records is strictly controlled. The admitting physician, here the defendant, is one of the few persons with access. The authenticity of the document for the remainder of its journey to the courtroom, still bearing what the defendant identified as his signature, was verified by the hospital record keeper's certificate and the chain of custody was not contested. On these facts, we conclude that it was error for the court to fail to find sufficient evidence linking the defendant to the consent form as a foundation for admitting the document in its entirety.

The plaintiff, however, is entitled to relief from an erroneous ruling on the admissibility of evidence only if the error is also harmful. *McCahill* v. *Town & Country Associates Ltd.*, 185 Conn. 37, 40, 440 A.2d 801 (1981). We find that the plaintiff has met her burden of demonstrating that the erroneous ruling was likely to affect the result of the trial. See *Main* v. *Main*, 17 Conn. App. 670, 673, 555 A.2d 997, cert. denied, 211 Conn. 809, 559 A.2d 1142 (1989). The court's evidentiary ruling prevented the jury from considering relevant and material evidence affecting the ultimate issue as to whether the defendant had the plaintiff's oral con-

sent for the bilateral surgery. The plaintiff was not per-
mitted to introduce the form in its entirety or to offer
evidence that her signature and that of the witness
were forged.

The jury could have logically inferred that the defend-
ant had possession of the document, which he admits
to executing, that he had the opportunity and motive
to sign the names of the plaintiff and the witness nurse,
and that he had the opportunity and motive after the
surgery to add the consent form to the hospital rec-
ords. The jury could have drawn the further logical
inference that the defendant created the spurious form
in an abandoned attempt to provide evidence of writ-
ten consent in order to conceal the fact that he per-
formed surgery on the plaintiff without her consent,
written or oral. See *Wallingford* v. *Neal*, 108 Conn. 152,
155, 142 A. 805 (1928) (adverse inference may be drawn
from guilty conduct). The harm to the plaintiff was pat-
ent, and the jury verdict for the defendant on the plain-
tiff's claim of assault cannot stand.

## II

We next consider the plaintiff's claim that the trial
court erred in directing a defendant's verdict on the
count of negligence. She contends that the court mis-
characterized her count of negligent assault as a count
of negligent failure to obtain her consent, thereby mis-
applying the law to grant a directed verdict. We agree.

It is not clear from the record whether the court
treated the plaintiff's negligence count as an allega-
tion that the defendant negligently failed to get her
informed consent or as an allegation that the defend-
ant negligently failed to obtain any consent, oral or
written. It is clear that the court directed a verdict for
the defendant because the plaintiff (1) failed to produce
expert medical testimony that a reasonably competent

doctor would have obtained the plaintiff's consent, and (2) failed to establish that the defendant's negligence proximately caused her injuries because the plaintiff admitted that she would have agreed to surgery on her right breast had the defendant sought her consent. See, e.g., *Logan* v. *Greenwich Hospital Assn.*, 191 Conn. 282, 288–90, 465 A.2d 294 (1983); *Shenefield* v. *Greenwich Hospital Assn.*, 10 Conn. App. 239, 248–50, 522 A.2d 829 (1987).

Although the plaintiff's pleadings could have been more artfully drawn, she does not allege that the defendant owed her a duty dictated by standards in the medical community to obtain her consent before surgery or to explain all attendant risks of bilateral surgery. She alleges, rather, that the defendant owed her a duty not to assault her. Her allegation that the defendant "remembered that Sharon Chouinard had only consented to surgery on her left breast and knowingly exceeded her consent by operating on the right breast as well as on the left breast" was properly treated as a claim of intentional assault. Her allegation that the defendant "forgot that the plaintiff had only consented to surgery on her left breast and operated on both breasts," read together with her previous allegation, must be treated as a claim of negligent assault. In other words, if the jury were to accept the plaintiff's claim that she never consented to surgery on her right breast, orally or in writing, it must find that the defendant assaulted the plaintiff. The jury could then find either that the defendant intentionally assaulted the plaintiff, if he acted *knowing* that he had no consent, or that he negligently assaulted her, if he *forgot* that he had no consent.

Our courts have long adhered to the principle that the theory of intentional assault or battery is a basis for recovery against a physician who performs surgery without consent. See *Schmeltz* v. *Tracy,* 119 Conn. 492,

495–96, 177 A.2d 520 (1935). We also have recognized a cause of action for negligent assault; see *Russo* v. *Porga,* 141 Conn. 706, 708–709, 109 A.2d 585 (1954); applying this theory of liability to unconsented-to touching by medical personnel. See *Krause* v. *Bridgeport Hospital,* 169 Conn. 1, 8–9, 362 A.2d 802 (1975). "Arguably, an *intentional or negligent* extension of physical contact beyond that consented to . . . which results in injury may present an actionable battery . . . ." (Emphasis added.) Id., 9.

The plaintiff's complaint alleges both intentional and negligent assault. Community medical standards of care are inapplicable, and whether the plaintiff would have consented to the assault if asked is irrelevant. See *Schmeltz* v. *Tracy,* supra. We conclude, therefore, that the court erred in directing a verdict for the defendant because the plaintiff failed to offer medical expert testimony or because she admitted that she would have consented to the surgery on her right breast.

There is no merit to the defendant's assertion that the plaintiff failed to demonstrate that the directed verdict, if error, was harmful and prejudicial. See *Berndston* v. *Annino,* 177 Conn. 41, 45, 411 A.2d 36 (1979). The defendant argues that the evidence applicable to negligent assault was already before the jury on the plaintiff's count of intentional assault, upon which it returned a defendant's verdict, a verdict we hold above to be fatally tainted by the wrongful exclusion of relevant evidence.

The defendant's argument ignores the distinction between intentional and negligent torts. Even if no evidentiary error had clouded the reliability of the verdict on the count of intentional assault, the jury could have logically and consistently rejected a claim of intentional assault yet found that the defendant committed

negligent assault. We conclude that a new trial on both counts is necessary. See *Logan* v. *Greenwich Hospital Assn.,* supra, 308.

## III

Because the plaintiff will have a new trial, we need not review her claim that the court wrongfully denied her motions for a continuance. We will, however, review her claim that the court erred in admitting into evidence deposition testimony, as this issue is likely to recur at retrial. The gist of the plaintiff's claim is that the deposition testimony of a surgical resident, stating that he had discussed with the plaintiff her upcoming bilateral surgery, was not competent and admissible evidence because the resident could not remember the conversation or the patient. There is no merit to this claim.

Competency of a witness is a threshold matter particularly within the discretion of the trial court to decide and the decision will not be overturned on appeal absent proof of a clear abuse of discretion. *State* v. *Valeriano,* 191 Conn. 659, 665, 468 A.2d 936 (1983). The record reflects that the resident's testimony was not based on speculation or guess, but upon his recollection of events, refreshed by his own notes entered on the plaintiff's hospital chart, and upon his general familiarity with the defendant's procedures which directed him to prepare the defendant's patients for surgery. Once a witness' competency is established, questions relating to any supposed lack of knowledge of the fact at issue go to the weight rather than the admissibility of the evidence. *State* v. *Baker,* 182 Conn. 52, 61, 437 A.2d 843 (1980). The court did not abuse its discretion in admitting the resident's deposition testimony.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.