[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE PLAINTIFFS'SECOND AMENDED COMPLAINT
FACTUAL BACKGROUND
The plaintiffs, Stephanie and Eugene Syrotiuk, husband and wife, bring this action in three counts. The first count alleges a negligent assault and battery on the plaintiff, Stephanie Syrotiuk, by the defendant physician in the course of surgery performed on her. The second count alleges an intentional assault and battery on her. The third count on behalf of the plaintiff, Eugene Syrotiuk, is for loss of consortium.
Both the first and second counts allege that the CT Page 8348 plaintiff, Stephanie Syrotiuk, consented to the removal of a small cyst from the upper outer portion of her right breast. The defendant, instead, performed surgery on a different portion of the breast, did not remove the cyst, but removed other tissue instead. She claims this action constituted both a negligent and an intentional assault and battery.
It should be noted that although this action is in the nature of malpractice, the plaintiffs do not allege any such theory and rely solely on assault and battery for the validity of their cause of action.
The issue thus presented to the court is whether the complaint legally states such a cause of action.
LAW AND CONCLUSION
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Practice Book § 152. Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985).
In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board ofEducation, 195 Conn. 90, 93 (1985). The court must construe the facts in the complaint most favorably to the plaintiff,Amodio v. Cunningham, 182 Conn. 80, 82-83 (1981); and regard them, for the purposes of the motion, as true. LiljedahlBros., Inc. v. Grisby, 215 Conn. 345, 348 (1990), Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). Further, pleadings should be construed broadly and realistically rather than narrowly and technically. Dornfriedv. October Twenty-Four, Inc., 230 Conn. 622, 629 (1994).
In Connecticut, liability against a physician on the basis of assault and battery has generally been limited to situations where (1) he failed to obtain any consent to the particular treatment, or (2) performs a different procedure from the one for which consent has been given, or (3) where he realizes that the patient does not understand what the operation entails. Logan v. Greenwich Hospital, 191 Conn. 282,289 (1983).
The theory of the plaintiffs' claim relies on the second CT Page 8349 class of liability, i.e. that the defendant performed a different procedure from the one for which consent had been given. The plaintiffs allege that the defendant performed surgery on "an unknown and undiscovered mass supposedly located in a different area of the plaintiff's right breast" (1st count, par. 7f), "failed to perform the surgery to which the plaintiff . . . had consented" (1st count, par. 7g), and ". . . he knowingly exceeded her consent by performing a different operation . . .", (2nd count, par. 7b).
Connecticut law clearly recognizes that performing different surgery on a different part of the body falls within this second category. See Chouinard v. Marjani, 21 Conn. App. 572,579 (1990), (different breast than one consented to;Schmeltz v. Tracy, 119 Conn. 492, 495 (1935), (removal of moles not consented to during consented to acne procedure).
This court cannot determine as a matter of law that the trier of fact cannot conclude that the procedure performed on the plaintiff, Stephanie Syrotiuk, was not a different procedure or a procedure on a different part of the body. That question is one which should be left for a determination by the trier of fact as to the nature of the procedure actually performed, the proximity of the surgery to the consented to area, and any other evidence to determine if the surgery performed comes within the parameters of the consented to surgery.
The motion to strike is denied.
Freed, J.