### HELEN HAYES *v.* MANCHESTER MEMORIAL HOSPITAL ET AL.
### (12453)

FOTI, LAVERY and HEIMAN, Js.

Argued March 22—decision released July 18, 1995

*Louis W. Flynn, Jr.,* with whom, on the brief, were *William J. Bumster* and *Elizabeth Moreshead,* for the appellant (plaintiff).

*Lois Tanzer* and *Louis B. Blumenfeld,* with whom, on the brief, was *Lorinda S. Coon,* for the appellees (defendants).

FOTI, J. The plaintiff appeals from the judgment rendered, after a jury trial, in favor of the defendants. The plaintiff claims that the trial court improperly

(1) limited cross-examination of the defendants' expert witness and (2) denied her challenge of a juror for cause. We reverse the judgment of the trial court.

The jury could reasonably have found the following facts. The plaintiff suffered a fall in her home that required her to be transported by ambulance to the emergency room at the defendant Manchester Memorial Hospital. The defendant Wells Jacobson was the orthopedic physician assigned to treat the plaintiff. X rays taken of the plaintiff's left leg showed a comminuted fracture of the left femur. Jacobson performed surgery to set the fracture. One day prior to the plaintiff's scheduled discharge from the hospital, X rays of her left hip were taken and showed a fracture of the femoral neck. A second surgical procedure was performed to set this fracture.

The plaintiff subsequently filed a medical malpractice action against the defendants, alleging a failure to read and interpret her X rays properly and a failure to take necessary X rays. One of the issues at trial related to the adequacy of hip X rays taken at the time of the plaintiff's admission. Jacobson and the defendants' expert witness, Alan Goodman, an orthopedist, testified to the adequacy of the hip X rays under the circumstances in this case. The jury rendered a verdict in favor of the defendants on December 17, 1992. The plaintiff's motion to set aside the verdict was denied by the trial court.

The plaintiff first argues that the trial court improperly limited the cross-examination of Goodman, the expert witness called by the defendants to testify as to the proper standard of care. The trial court refused to allow the plaintiff to cross-examine Goodman, for purposes of attacking his credibility, as to a lawsuit brought against him. That lawsuit alleged the same or similar claims of medical negligence against Goodman

as those present here. The trial court, while allowing the complaint against Goodman to be marked for identification, and recognizing that the plaintiff's claim of relevance went to both motive and bias rather than professional competence, ruled that the prejudicial effect of that evidence outweighed its probative value. The court determined that the allegations in the two lawsuits were superficially similar,[1] but noted that sufficient opportunity existed "in the ordinary manner, of also exploring his motive as well as his bias . . . in connection with his activity on behalf of defendants."

The plaintiff contends that the jury should have been informed of the similar lawsuit against Goodman because this information would have been relevant in determining Goodman's credibility, bias and motive. The lawsuit against Goodman involved the reading and ordering of X rays. That suit was pending at the time Goodman was deposed as an expert witness in this case, but it was settled prior to Goodman's giving testimony.[2] The plaintiff contends that this evidence was sufficient to demonstrate Goodman's motive to testify as he did. In order to remain consistent and not to admit that he had failed to conform to the applicable standard of care, he had to conclude that the defendant did not deviate from the standard of care in the alleged misreading of X rays and failure to order additional X rays. The plaintiff argues that it was thus in Goodman's best interest to give the opinion that he did and that it would have been contrary to his interest to testify that there had been a deviation in this case.

---

[1] In paragraph five of the complaint filed against Goodman, the sections claimed to be relevant provide: "[I]n that he failed to carry out adequate . . . x-ray studies to properly diagnose said left calcaneal fracture . . . in that he ignored or failed to avail himself of prior . . . x-rays of the plaintiff . . . ."

[2] The record discloses that the court was aware that settlement of the Goodman complaint took place during jury selection in the present matter.

"Generally, evidence is admissible to prove a material fact that is relevant to the cause of action alleged by the plaintiff. *Chouinard* v. *Marjani*, 21 Conn. App. 572, 575, 575 A.2d 238 (1990). A trial court has broad discretion in ruling on the admissibility of evidence, and we will not disturb such a decision absent an abuse of discretion. Id. Nevertheless, '[t]he exercise of discretion to omit evidence in a civil case should be viewed more critically than the exercise of discretion to include evidence. It is usually possible through instructions or admonitions to the jury to cure any damage due to inclusion of evidence, whereas it is impossible to cure any damage due to the exclusion of evidence.' *Larensen* v. *Karp*, 1 Conn. App. 228, 237, 470 A.2d 715 (1984) . . . ." (Citations omitted.) *Martins* v. *Connecticut Light & Power Co.*, 35 Conn. App. 212, 217, 645 A.2d 557, cert. denied, 231 Conn. 915, 648 A.2d 154 (1994).

Cross-examination is an indispensable means of eliciting facts that may raise questions about the credibility of witnesses and, as a substantial legal right, it may not be abrogated or abridged at the discretion of the court to the prejudice of the party conducting that cross-examination. *Richmond* v. *Longo*, 27 Conn. App. 30, 38, 604 A.2d 374, cert. denied, 222 Conn. 902, 606 A.2d 1328 (1992). It is well settled that the credibility of an expert witness is a matter to be determined by the trier of fact. *In re Juvenile Appeal*, 184 Conn. 157, 170, 439 A.2d 958 (1981). Such a witness can be examined concerning the factual basis of that expert's opinion. *State* v. *Steiger*, 218 Conn. 349, 372, 590 A.2d 408 (1991). An important function of cross-examination is the exposure of a witness' motivation in testifying. *Greene* v. *McElroy*, 360 U.S. 474, 496, 79 S. Ct. 1400, 3 L. Ed. 2d 1377 (1959).

The trial court found that the prejudicial impact of the proffered cross-examination evidence relating to the witness' credibility due to his motive or bias out-

weighed its probative value. "In order to exclude evidence on the ground of prejudice, there must be undue prejudice great enough to threaten an injustice." *Martins* v. *Connecticut Light & Power Co.*, supra, 35 Conn. App. 220. The burden of showing that the evidence may unduly arouse the jurors' emotions of hostility or sympathy rests with the party claiming prejudice. Id.

"When the evidence is relevant and the likelihood of prejudice is not great, deviation from the general rule of admissibility is not warranted and discretion has been abused if the evidence is excluded." Id., 221; see also *Batick* v. *Seymour*, 186 Conn. 632, 638, 443 A.2d 471 (1982). We do not agree with the trial court's finding that the evidence was unduly prejudicial. Any resulting prejudice cannot be so undue and so great as to threaten an injustice. A basic and proper purpose of cross-examination of an expert is to test that expert's credibility. *Richmond* v. *Longo*, supra, 27 Conn. App. 38. Motive for testifying is certainly a permissible line of questioning for that purpose. The plaintiff was deprived of the right to have the jury, as trier of fact, weigh the credibility of the expert witness by assessing his motives for testifying as he did. We conclude that the trial court abused its discretion in excluding that evidence.[3]

The plaintiff is entitled to relief from an erroneous ruling on the admissibility of evidence only if that ruling is also harmful; she must demonstrate that the ruling was likely to have affected the result of the trial. *Martins* v. *Connecticut Light & Power Co.*, supra, 35 Conn. App. 222. The plaintiff has met her burden. The evidence excluded goes to the principal issue to be resolved by the jury, whether the duty of the defend-

---

[3] The defendants argue that the plaintiff failed to create an adequate record for appellate review, and also that she waived her right to contest this issue. Our review of the record shows that both of these claims are without merit.

ants to conform to the applicable standard of care was breached by the failure of the defendants to properly interpret X rays or order additional X rays. As a result, we are required to remand this case for a new trial.[4]

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[4] Because of our disposition of this issue, we find it unnecessary to address the defendants' other claim.