[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
The plaintiff, Joseph Triano, filed a six count second revised complaint against the defendants Edward P. Fitzpatrick, M.D. (Fitzpatrick) and New Britain General Hospital (hospital) on August 30, 1999. This complaint arises out of alleged acts of the defendants which occurred on August 20, 1997. The factual allegations of the complaint being admitted for purposes of this motion; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989); are as follows.
Beginning in May of 1997, the plaintiff consulted with Fitzpatrick, an eye specialist, for vision problems. During the four months between May and August 1997, Fitzpatrick performed treatments on the plaintiffs eyes. By August, 1997, the plaintiff had lost most of the vision in his left eye and relied exclusively on his right eye. At Fitzpatrick's office on August 19, 1997, Fitzpatrick examined the plaintiff, treated the CT Page 2581 plaintiffs right eye with a laser and advised the plaintiff that it was necessary for the plaintiff to have an operation performed immediately on his left eye. The plaintiff agreed to the operation and Fitzpatrick prescribed medications for the plaintiff to place in his left eye prior to surgery. Fitzpatrick scheduled the surgery for the following day, August 20, 1997, at the hospital.
The plaintiff arrived at the hospital the next day where he signed the hospital's informed consent form authorizing Fitzpatrick to perform an operation only on his left eye.[1]
While the plaintiff was under anaesthesia, Fitzpatrick operated upon the plaintiffs right eye. After the operation, the plaintiff was discharged with a bandage over his only sighted eye, his right eye. On the following day, August 21, 1997, the plaintiff returned to Fitzpatrick's office for a postoperative follow-up visit, where it was determined that the plaintiffs right eye no longer had any vision. As a result of this conduct on the part of the defendants, the plaintiff is totally and unexpectedly blind.
The first five counts of the plaintiffs revised complaint are directed towards Fitzpatrick. The first count one sounds in negligent assault and battery, the second count sounds in intentional assault and battery, the third count sounds in negligent infliction of emotional distress, the fourth count sounds in intentional infliction of emotional distress and the fifth count sounds in recklessness.
Count six of the plaintiffs second revised complaint alleges negligence on the part of the hospital for the plaintiffs injuries stemming from Fitzpatrick's surgery, in that the hospital: failed to provide a procedure to prevent operations without patient consent on its premises; failed to supervise or otherwise oversee surgeons and operations to prevent operations without patient consent; and failed to prevent the performance of this operation on its premises to which the plaintiff had not consented.
The defendant, Fitzpatrick, moves to strike the plaintiffs second revised complaint in its entirety because the plaintiff did not file a good faith certificate, as required by General Statutes § 52-190a for civil actions alleging negligence against a health care provider. Alternatively, Fitzpatrick moves to strike counts two, four and five for insufficient allegations of fact as to intentional or reckless conduct. CT Page 2582
The defendant, hospital, moves to strike the only count applicable to it, count six, also on the ground that the plaintiff failed to file a good faith certificate as required by General Statutes § 52-190a for a case against a health care provider sounding in medical malpractice. The plaintiff opposes both motions.
A motion to strike challenges "the legal sufficiency of the allegations of any complaints to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[T]he court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The court "construe[s] the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Pamela B. Ment, 244 Conn. 296, 308,709 A.2d 1089 (1998). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Bhinder v. Sun Co.,246 Conn. 223, 226, 717 A.2d 202 (1998). "If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiffs claims is legally sufficient." Kovacs v. Kasper,41 Conn. Sup. 225, 226, 565 A.2d 18 (1989); see also Whelan v.Whelan, 41 Conn. Sup. 519, 520, 588 A.2d 251 (1991).
 The Lack of a Good Faith Certificate
Both the defendants argue that the plaintiffs complaint is legally insufficient because the plaintiff failed to file a good faith certificate as required by General Statutes § 52-190a. The plaintiff argues, in opposition, that his complaint sounds in negligence and not medical malpractice.
"General Statutes [§] 52-190a requires a plaintiff in a medical malpractice action to file a certificate of good faith evidencing that he or she has made a reasonable inquiry `to determine that there are grounds for a good faith belief that there has been negligence in the care or treatment of the claimant.' General Statutes [§] 52-190a." Yale UniversitySchool of Medicine v. McCarthy, 26 Conn. App. 497, 501,602 A.2d 1040 (1992).[2] "[T]he filing of a good faith certificate may CT Page 2583 be viewed as essential to the legal sufficiency of the plaintiffs [medical malpractice] complaint." Id., 502. "[T]he absence from the complaint of the statutorily required good faith certificate renders the complaint subject to [a] motion to strike pursuant to Practice Book [§] 152(1) [now § 10-39] for failure to state a claim upon which relief can be granted. . . ." LeConchev. Elligers, 215 Conn. 701, 711, 579 A.2d 1 (1990).
Fitzpatrick seeks to require a good faith certificate as to all five counts addressed to him. It is undisputed that this is a civil action to recover damages for personal injury and that both defendants are health care providers within the meaning of the statute. But § 52-190a applies only to actions based upon negligence. See General Statutes § 52-190a.
Counts two, four and five allege intentional or reckless conduct on the part of the defendant Fitzpatrick, rather than negligence. These counts are not subject to the requirements of § 52-190a. "Because this count alleges wilful rather than negligent conduct, this count is not subject to the requirements of § 52-190a, which apply only to actions based upon negligence." Pascarelli v. Corning Clinical Laboratories. Inc., Superior Court, judicial district of Danbury, Docket No. 325312 (March 25, 1997, Moraghan, J.) (19 Conn. L. Rptr. 82); See, e.g..Zabensky v. Lawrence Memorial Hospital, Superior Court, judicial district of New London at New London, Docket No. 10783 (August 5, 1999, Martin, J.). Therefore, each of these counts survive Fitzpatrick's motion to strike the entire complaint for failure to attach a good faith certificate.
Moreover, the sufficiency of these three counts requires denial of the motion to strike because it is addressed to the entire complaint. See Kovacs v. Kasper, supra, 41 Conn. Sup. 226. Additionally, as to the first and third counts, the court finds that on these facts, there is no need for a good faith certificate. General Statutes § 52-190a is inapplicable because the allegations of these two counts do not require expert testimony as to a standard of care.
Several Superior Court decisions have held that "actions against health care providers sounding in ordinary negligence, rather than medical malpractice, do not require good faith certificates because in straight negligence actions, there are no uniquely medical issues requiring expert testimony to establish the standard of care." Pascarelli v. Corning ClinicalCT Page 2584Laboratories Inc., supra, Superior Court, Docket No. 325312; see also Sloan v. St. Francis Hospital and Medical Center, Superior Court, judicial district of New London at New London, Docket No. 536439 (November 27, 1996, Hendel, J.); Shaw v. Caldor, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 135645 (February 23, 1995, Lewis, J.) (13 Conn. L. Rptr. 524); Delaney v. Newington Children's Hospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 524063 (May 9, 1994, Wagner, J.) (9 C. S.C. R. 692). "A good faith certificate has not been required where the court determined that it was a simple negligence action."Smith v. Mediplex of Westport, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 159274 (March 25, 1998, D' Andrea, J.) (21 Conn. L. Rptr. 495). The courts have looked at whether medical experts would be needed to establish the standard of care because of the presence of any uniquely medical issues requiring specialized knowledge. See Badrigian v.Elmcrest Psychiatric Institute, 6 Conn. App. 383, 387,505 A.2d 741 (1986) (involving "no materia medica, nor any complex issue requiring specialized knowledge").
Claims sounding in general negligence do not need expert testimony. See Caron v. Adams, 33 Conn. App. 673, 689,638 A.2d 1073 (1994). "Even in cases involving claims of medical and legal malpractice, a case-by-case analysis is employed and, although the general rule requires expert testimony where the specific conduct underlying the plaintiffs claim is such that it amounts to gross negligence, our courts have not required expert testimony." (Internal quotation marks omitted.) Id., 690.
The first count sounds in negligent assault and battery. Our Supreme Court has long "approved the principle that `every human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent, commits an assault, for which he is liable in damages'." Logan v. Greenwich HospitalAssn., 191 Conn. 282, 288-89, 465 A.2d 294 (1983). "[B]attery is a basis for recovery against a physician under circumstances where the physician fails to obtain consent to the particular treatment or performs a procedure different from the one for which consent has been given. . . ." Caron v. Adams, supra,33 Conn. App. 688. "Situations where battery may be proved may also be appropriate for allegations of negligence." Id. "Our courts have long adhered to the principle that the theory of intentional assault or battery is a basis for recovery against a physician CT Page 2585 who performs surgery without consent." Chouinard v. Marjani,21 Conn. App. 572, 579, 575 A.2d 238 (1990). "We also have recognized a cause of action for negligent assault." Id.
The plaintiff gave consent only to operate on his left eye and Fitzpatrick operated on his right eye without his consent. This is a prima facie case of assault and battery. The negligence alleged here is simply that the assault and battery was accidental and not by intent. There is no uniquely medical aspect to such. No specialized knowledge is required for the factflnder to determine if a negligent assault and battery occurred. Therefore, no certificate of good faith is required under §52-190a for the first count.
As to the third count, negligent infliction of emotional distress, reading the allegations contained in the complaint in the light most favorable to the plaintiff the plaintiffs claim sounds in general or gross negligence, rather than medical negligence. Expert medical testimony to establish a standard of care is not needed for the plaintiffs claim that Fitzpatrick operated on his right eye without consent. There are no unique or esoteric issues requiring specialized medical knowledge as to Fitzpatrick's duty where plaintiff claims that Fitzpatrick blinded the plaintiff, causing him emotional distress, by operating on the incorrect eye, the eye for which no such consent was given. Such a claim is well within the ken of any layperson. Accordingly, Fitzpatrick's motion to strike the plaintiffs complaint for lack of a good faith certificate is denied.
The defendant, hospital, moves to strike the only count applicable to it, count six which sounds in negligence. Hospital, a health care provider, relies on the plaintiffs failure to file a good faith certificate as required by General Statutes §52-190a for a claim sounding in medical malpractice.
The need for expert testimony to establish a standard of care distinguishes medical malpractice actions from claims of ordinary negligence. See Badrigian v. Elmcrest Psychiatric Institute,Inc., supra, 6 Conn. App. 386. "If the determination of the standard of care requires knowledge that is beyond the experience of an ordinary fact finder, expert testimony will be required."Santopietro v. New Haven, 239 Conn. 207, 226, 682 A.2d 106
(1996).
Here, the plaintiff alleges the hospital caused his injuries CT Page 2586 stemming from Fitzpatrick's surgery, in that the hospital: failed to provide a procedure to prevent operations without patient consent on its premises; failed to supervise or otherwise oversee surgeons, staff and operations to prevent operations without patient consent; and should have known of and prevented this operation without patient consent. Even reading the allegations in the light most favorable to the plaintiff, this court finds that count six requires specialized knowledge to determine the claims the plaintiff raises. What constitutes proper procedures, supervision, oversight and control by a hospital as to patient consent to surgery by a private physician is an area far beyond the knowledge of a layperson and would clearly require expert testimony to establish the hospital's standard of care. This court finds that because this count sounds in medical malpractice, the plaintiff is required by § 52-190a to file a good faith certificate, but has failed to do so. The defendant hospital's motion to strike the sixth count of the plaintiffs complaint is granted.
 Intentional or Reckless Conduct
Fitzpatrick alternatively moves to strike counts two, four and five of the plaintiffs complaint on the ground that they allege insufficient facts to claim intentional or reckless conduct as a matter of law. The court will address each count in turn.
In the second count, plaintiff alleges an intentional assault and battery. As previously stated, a prima facie case for assault and battery has been made by the plaintiff. The plaintiff alleges he signed the informed consent for the left eye only and that the defendant "knowingly exceeded the plaintiffs consent to operate only upon the left eye, by performing a different operation, that of operating upon the right eye." He further alleges that "[b]y said conduct the defendant . . . intentionally committed an assault and battery against plaintiff." These are sufficient factual allegations to support an intentional assault and battery cause of action. Fitzpatrick's motion to strike this count is denied.
In the fourth count, the plaintiff claims intentional infliction of emotional distress. A claim for intentional infliction of emotional distress must include the following elements: "(1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct CT Page 2587 was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiffs distress; and (4) that the emotional distress sustained by the plaintiff was severe." (Internal quotation marks omitted.) Peytan v. Ellis, 200 Conn. 243, 253,510 A.2d 1337 (1986). "The issue of whether the defendant's conduct rises to the level of extreme and outrageous behavior is a question of law to be decided by the court." (Internal quotation marks omitted.) Zabensky v. Lawrence MemorialHospital, supra, Superior Court, Docket No. 10783. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of community would arouse his resentment against the actor, and lead him to exclaim, `Outrageous!'." Id.; see also Mellaly v. EastmanKodak Co., 42 Conn. Sup. 17, 18, 597 A.2d 846 (1991).
Reading the plaintiffs complaint in the light most favorable to the plaintiff, the court finds that the conduct the plaintiff alleges fits within the parameters of extreme and outrageous conduct from which emotional distress would likely result. The plaintiff alleges that Fitzpatrick, who had been treating both of the plaintiffs eyes for four months prior to surgery, who knew that his patient only had vision in his right eye and had consented only to the operation for the left eye, knowingly operated on the sighted right eye, rendering it sightless and causing the plaintiff severe emotional distress. This court finds the plaintiff alleges conduct sufficient to meet the elements of intentional infliction of emotional distress. Accordingly, Fitzpatrick's motion to strike the fourth count is denied.
The fifth count claims reckless conduct by the individual defendant. The defendant argues that the allegations that he failed to obtain appropriate informed consent to the procedure performed on the plaintiffs right eye cannot support a cause of action in recklessness. The plaintiff, in opposition, argues that his complaint complies with case law requiring language explicit enough to clearly inform the court and opposing counsel what reckless misconduct is being relied upon and that he alleges sufficient facts to support a cause of action in recklessness.
"There is a wide difference between negligence and reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the CT Page 2588 court and opposing counsel that reckless misconduct is relied on. . . . Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." (Internal quotation marks omitted.) Dumond v. Denehy, 145 Conn. 88, 91,139 A.2d 58, (1958). "Reckless misconduct is highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Paternostro v. Arborio Corp. ,56 Conn. App. 215, 221 ___ A.2d ___ (1999); see also Dubay v. Irish,207 Conn. 518, 533, 542 A.2d 711 (1998). "It is such conduct as indicates a reckless disregard of the just rights and safety of others or of the consequences of the action. . . ." (Internal quotation marks omitted.) Bhinder v. Sun Co., supra,246 Conn. 243 n. 14.
"Rather than follow a mechanistic approach, however, it seems more appropriate . . . to examine instead whether the facts that are alleged could, under any set of facts admissible under the pleadings, support a conclusion of recklessness." (Citations omitted.) Podaras v. Corcoran, Superior Court, judicial district of New Haven at Meriden, Docket No. 13112 (November 13, 1998,Beach, J.) (23 Conn. L. Rptr. 365).
Reading the plaintiffs complaint in the light most favorable to the plaintiff, this court finds the plaintiff alleges sufficient facts to support a conclusion that the defendant physician's conduct was knowingly wanton or in reckless disregard of the rights of the plaintiff. The plaintiff alleges, inter alia, that Fitzpatrick knowingly operated on the plaintiffs remaining viable eye without any consent, discussion or excuse, knowing that vision could be lost in that eye and that such eye had not received the prescribed pre-operative medications. Fitzpatrick's motion to strike the fifth count of the plaintiffs complaint is denied.
 Conclusion
In sum, Fitzpatrick's motion to strike the plaintiffs complaint in its entirety is denied, as is his motion in the alternative to strike the second, fourth and fifth counts. The hospital's motion to strike the sixth count of the plaintiffs complaint is granted.
James T. Graham Superior Court Judge CT Page 2589