[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#116)
On June 18, 2001, the plaintiff, Dilia Iraheta, filed a five count second revised complaint against the defendants, James Donaldson, M.D., an independent medical examiner, and EBI Companies (EBI), the workers' CT Page 16803 compensation carrier for the plaintiff's employer, alleging that she sustained injuries as a result of a neurological examination conducted by Donaldson, which the plaintiff underwent at the request of EBI, and pursuant to an order of the workers' compensation commissioner. The plaintiff alleges she was injured when Donaldson attempted to test the plaintiff's sensitivity by pricking the plaintiff's abdomen with a sharp object, which the plaintiff believes was a safety pin or paper clip, with increasing force and eventually with a dragging motion. The plaintiff alleges medical malpractice (count one), assault and battery (count two) and negligent infliction of emotional distress (count three) against Donaldson, and negligence (count four) and negligent infliction of emotional distress (count five) against EBI.
On August 20, 2001, Donaldson filed a motion to strike count two, accompanied by a supporting memorandum of law, on the ground that the allegations that the plaintiff implicitly and explicitly consented to Donaldson's examination renders count two insufficient to state a cause of action for assault and battery. The plaintiff filed a memorandum in opposition on August 16, 2001.[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In deciding a motion to strike, the court must "take the facts to be those alleged in the complaint. . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Gazo v. Stamford,255 Conn. 245, 260, 765 A.2d 505 (2001). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Id.
 Discussion
A. Procedural Objection
The plaintiff first makes a procedural objection to the motion to strike. The plaintiff argues that this is the third motion to strike that Donaldson has brought and that the rules of practice do not allow for multiple motions. The plaintiff cites Hartt v. Schwartz, Superior Court, judicial district of New Haven at New Haven, Docket No. 331912 (March 15, 1994, Hodgson, J.) (11 Conn.L.Rptr. 203), in support of this CT Page 16804 proposition.
Donaldson's first motion to strike was filed on April 4, 2001, with an accompanying memorandum, and directed at count two of the plaintiff's first revised complaint. Before the April 4, 2001 motion to strike was ruled on, however, the plaintiff filed, on June 18, 2001, a second revised complaint. Donaldson thus filed a second motion to strike on June 26, 2001, with an accompanying memorandum, identical in all respects to his first motion and memorandum, with the exception that it was directed at count two of the second revised complaint. The plaintiff represents that this second motion was denied by the court, D'Andrea, J., on August 13, 2001, for failure to specify the distinct reasons for the claimed insufficiency in the motion as required by Practice Book § 1041. Donaldson then filed the present motion to strike and accompanying memorandum, identical in all respects to his first and second motions and memoranda, with the exception that the defect in the form of the motion was corrected.
In Hartt v. Schwartz, supra, 11 Conn.L.Rptr. 203, the defendant attempted to bring a second motion to strike raising additional grounds after his first motion brought on different grounds was denied. The court determined that because the rules of practice allow for multiple grounds to be pleaded together in the same motion to strike; see Practice Book § 10-41 and § 10-43; "the defendant may not delay the progress of the suit by dividing his grounds and pleading them in successive, multiple motions to strike." Id., 204; see also Rosenfield v. SanitaryService Corp., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 554202 (June 6, 1997, Hale, J.) (defendant may not file second motion to strike when grounds asserted could have been asserted in first motion).
The circumstances of the present case are distinguishable from the above cited cases. Donaldson's second motion to strike was prompted by the plaintiffs filing of a second revised complaint, and the third motion was due to a failure of the second on a matter of form. Donaldson thus is not improperly attempting to assert additional or different grounds in each successive motion. To the contrary, each successive motion and memorandum are substantively identical to the ones filed previously. Moreover, the plaintiff has not been subject to any delay or prejudice. Donaldson wasted no time in addressing the defect in form of the second motion, indeed, the third motion is dated the very same day that the second motion was denied, and, within one week, the defendant's third motion, his supporting memorandum and the plaintiff's opposition memorandum had all been filed.[2] Finally, the plaintiff has suffered little prejudice, if any, in terms of the time and effort required to respond to each successive motion, the plaintiff herself having filed CT Page 16805 each time a substantively identical opposition memorandum. For these reasons, this court rejects the plaintiff's claim of procedural impropriety and considers Donaldson's motion on the merits.
B. Substantive Objection
1. Lack of Consent as an Element of the Tort of Assault and Battery
Turning to the merits of the motion to strike, both parties argue a distinction between "assault and battery in a medical malpractice context" and "common law assault and battery" as relevant to the issue of whether the plaintiff must allege lack of consent as a necessary element of the cause of action. For the reasons that follow, this court finds that lack of consent is an essential element of a claim of assault and battery against a physician and whether this action is one for medical malpractice is irrelevant to this determination.
Donaldson argues that this is a medical malpractice action and relies on the principles set forth in Godwin v. Danbury Eye Physicians Surgeons, P.C., 254 Conn. 131, 136-37, 757 A.2d 516 (2000), Lambert v.Stovell, 205 Conn. 1, 4, 529 A.2d 710 (1987), and Logan v. GreenwichHospital Assn., 191 Conn. 282, 288-89, 465 A.2d 294 (1983), to support his claim that the plaintiff must allege failure to consent as a necessary element of a cause of action for assault and battery. InLogan, the court stated that "[e]very human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent, commits an assault, for which he is liable in damages . . . [I]f the lack of consent was established, the . . . [operation] was in itself a trespass and had the legal result of an assault." (Citations omitted; internal quotation marks omitted.) Logan v. Greenwich Hospital Assn.,
supra, 191 Conn. 288-89. "The theory of battery as a basis for recovery against a physician has generally been limited to situations where he fails to obtain any consent to the particular treatment or performs a different procedure from the one for which consent has been given, or where he realizes that the patient does not understand what the operation entails." Id., 289; see also Godwin v. Danbury Eye Physicians Surgeons, P.C., supra, 254 Conn. 136-37; Lambert v. Stovell, supra,205 Conn. 4. Donaldson concludes on the basis of these principles that "[i]n the medical malpractice context, claims of assault and battery involve a failure to consent to the procedure or treatment to be given." (See Defendant's Memorandum, pp. 5, 7.)
The plaintiff, on the other hand, argues that this is not a medical malpractice action and thus focusing on consent in the context of medical malpractice is misplaced since she and Donaldson did not have a CT Page 16806 physician-patient relationship.[3] The plaintiff relies on the principles of assault and battery set out in 1 Restatement (Second), Torts, Battery: Harmful Contact § 13, p. 25 (1965): "An actor is subject to liability to another for battery if (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." The plaintiff argues that count two alleges common law assault and battery in that it alleges that Donaldson acted with intent to cause harmful contact with the person of the plaintiff, and harmful contact with the person of the plaintiff resulted. The plaintiff concludes, therefore, that "[c]onsent or lack of consent is not an element of the alleged tort." (Plaintiff's Memorandum, p. 4.) Instead, the plaintiff argues, consent is a defense to intentional torts; see, e.g., D. Wright, J. Fitzgerald W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 15; which must be specially pleaded.
A cause of action for battery is separate and distinct from a cause of action for medical malpractice. Zabensky v. Lawrence MemorialHospital, Superior Court, judicial district of New London at New London, Docket No. 545872 (August 5, 1999, Martin, J.). "Medical malpractice actions are a type of negligence action." Ali v. Community Health CarePlan, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 364055 (July 25, 1995, Martin, J.). "[T]here can be no actionable negligence, on the part of a physician where there is no physician-patient relationship. . . . Even absent a physician-patient relationship, [however,] the physician still has a duty to conduct the examination so as not to cause harm to the patient." (Citation omitted; internal quotation marks omitted.) Id. Nothing in Logan v. GreenwichHospital Assn., supra, 191 Conn. 282, or its progeny suggests that the principles set forth therein regarding battery against a physician in his or her capacity as such only apply if the plaintiff's action also involves medical malpractice. See, e.g., Zabensky v. Lawrence MemorialHospital, supra, Superior Court, Docket No. 545872 (denying motion to strike battery count against physician under same principle set forth inLogan v. Greenwich Hospital Assn., supra, 191 Conn. 289, where complaint did not involve medical malpractice). To the contrary, "[c]ommunity medical standards of care," i.e., medical malpractice standards, are irrelevant in an action alleging intentional assault and battery against a physician. Chouinard v. Marjani, 21 Conn. App. 572, 580, 575 A.2d 238
(1990).
Notwithstanding the plaintiff's reliance on the Restatement for the required elements of a cause of action for assault and battery, Connecticut case law has refined these elements in cases involving assault and battery against a physician in his or her capacity as such, CT Page 16807 limiting recovery to three specified situations involving lack of consent. See Logan v. Greenwich Hospital Assn., supra, 191 Conn. 289. Moreover, even the plaintiff's reliance on the Restatement may be misplaced, as the official comments clarify that "the absence of consent
is a matter essential to the cause of action, and it is uniformly held that it must be proved by the plaintiff as a necessary part of his case." (Emphasis added.) 1 Restatement (Second), supra, § 13, comment (d), p. 26; see also Zabensky v. Lawrence Memorial Hospital, supra, Superior Court, Docket No. 545872 (plaintiff makes out prima facie case for assault and battery against physician by alleging "defendants injected a needle into her body without her consent").
Further support that consent is an essential element is found in Khouriv. Koloniaris, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 330880 (February 7, 1997, Melville, J.), where the court, in discussing the theory of battery as alleged against a physician, stated: "The consent of the person will ordinarily avoid liability. . . . It is not strictly speaking, a privilege, or even a defense, but goes to negative the existence of any tort in the first instance. . . . [T]he plaintiff's consent negatives the wrongful element of the defendant's act, and prevents the existence of the tort." (Citation omitted.) Id. In a footnote, the court cited Ford v. Ford,143 Mass. 577, 578, 10 N.E. 474 (1887), wherein "Justice Holmes stated that `[t]he absence of lawful consent . . . is part of the definition of an assault.'" Khouri v. Koloniaris, supra, Superior Court, Docket No. 330880 (see footnote five).
Therefore, this court finds that, under the circumstances of this case, lack of consent is a necessary element to the plaintiff's cause of action for assault and battery, and the legal principles set out in Loganv. Greenwich Hospital Assn., supra, 191 Conn. 288-89, and its progeny are applicable to determine the sufficiency of the allegations of count two. This court further finds that the issue of whether this is a medical malpractice action is irrelevant to this determination.
2. Second Count of the Revised Complaint
The issue raised by Donaldson's motion to strike is whether the allegations of count two are sufficient to state a cause of action for assault and battery against a physician. In count two, the plaintiff alleges that she "consented to an independent medical examination by Dr. Donaldson." (Count two, ¶ 10.) She further alleges that "[c]onsent given by the plaintiff did not include consent to being examined by Dr. Donaldson in such a way as to cause physical injury"; (count two, ¶ 11); and that she "had not given consent to being examined or tested in such a way as to cause her injury." (Count two, ¶ 12.) CT Page 16808
Donaldson first argues that rather than allege a lack of consent to Donaldson's examination, the plaintiff implicitly and explicitly alleges that she consented to it. The plaintiff counters that merely because she alleges that she consented to an examination by Donaldson does not mean she consented to all conduct and procedures by Donaldson during the course of such examination.
On this point, this court agrees with the plaintiff. Consent in general to being examined does not negate the plaintiff's cause of action for assault and battery. Rather, it is a lack of consent to the particular treatment or . . . procedure" which permits recovery. Logan v. GreenwichHospital Assn., supra, 191 Conn. 289. Therefore, this court finds that count two is not insufficient merely because of the allegation that the plaintiff consented to being examined.
Donaldson next argues that lack of consent must be to the conduct of the physician and that allegations of lack of consent to the resulting injury are insufficient to state a claim of battery against a physician. The plaintiff counters that she has alleged sufficiently lack of consent to conduct of Donaldson.
As stated previously, "a patient can recover for assault and battery when the physician (1) fails to obtain any consent to the particular treatment, (2) performs a different procedure from the one for which consent has been given, or (3) realizes that the patient does not understand what the procedure entails." Godwin v. Danbury Eye Physicians Surgeons, P.C., supra, 254 Conn. 137. In count two, the particular treatment or procedure at issue, presumably, is the testing for sensitivity with a sharp object. The plaintiff does not allege that she did not give consent to this particular procedure, albeit she does allege that the procedure ultimately resulted in injury. She does not allege that this was a different procedure than that to which she consented. Finally, she does not allege that Donaldson was aware that she lacked understanding of what the procedure entailed.
At most, the plaintiff alleges that she did not consent to any conduct which would subject her to injury. Consent focused on the consequences of particular conduct is, however, insufficient to allege a cause of action for assault and battery against the defendant. This issue was addressed in Godwin v. Danbury Eye Physicians Surgeons, P.C., supra, 254 Conn. 131. In that case, the plaintiff was injured after a needle used during a procedure to administer retrobulbar anesthesia punctured the globe of the plaintiff's eyeball. Id., 134-35. The plaintiff argued that the directed verdict in favor of the defendant physician on the assault and battery count was improper because, although the plaintiff consented to having CT Page 16809 the procedure done, he did not consent to the perforation of his eye. Id., 138. The court rejected the plaintiff's claim, finding that "[t]he plaintiff's verbal consent to the . . . procedure . . . was not negated by the fact that the procedure itself was performed unsuccessfully or that a complication occurred. The consent must be to the actor's conduct or to substantially the same conduct, rather than to the invasion that results from it. . . . Thus, the focus of the consent is on the conduct or procedure to be performed, not its consequences, as the plaintiff suggests. . . . Although the plaintiff did not expect the consequence of the perforation of his eye, he did give adequate consent to the administration of the retrobulbar anesthesia that led to his injury." (Citations omitted; internal quotation marks omitted.) Id.
This court finds that, even taking all of the allegations of count two as true, the plaintiff has failed to state a cause of action for assault and battery. She fails to allege facts within any of the three situations enumerated in Godwin, and allegations of lack of consent to resulting injury are insufficient. Therefore, this court finds that Donaldson's motion to strike count two should be granted.
ADAMS, J.