## ALPHONSE T. DUBREUIL ET AL. *v.* OTTO P. WITT ET AL.
### (AC 18526)

Landau, Mihalakos and Daly, Js.

Argued January 25—officially released August 14, 2001

*Otto P. Witt*, with whom, on the brief, was *Duane Totten*, for the appellants (defendants).

*Robert G. Skelton* filed a brief for the appellees (plaintiffs).

DALY, J. In this legal malpractice case, the defendants, Otto P. Witt and Witt and Associates, P.C.,[1] appeal from the judgment, rendered after a trial to the court, awarding damages to the plaintiffs, Alphonse T. Dubreuil and Marilyn Dubreuil. On appeal, Witt claims that (1) the trial court improperly denied his motion for a default in which he alleged that the plaintiffs had failed to comply with requests for production and to answer interrogatories, (2) the court abused its discretion in that it violated his due process rights by precluding him from presenting a defense and by limiting his cross-examination of Alphonse T. Dubreuil, (3) there was insufficient evidence to support the court's rendering of judgment against Witt and Associates, P.C., (4) the court improperly found that legal malpractice had occurred even though the plaintiffs did not present expert testimony to that effect and (5) the court improperly awarded damages. We agree with Witt's second claim and, on that basis, reverse the judgment of the trial court and remand the case for a new trial.

The following facts and procedural history are relevant to the resolution of the defendants' appeal. In 1992, the plaintiffs, on behalf of A. Dubreuil and Sons, Inc. (corporation),[2] retained Witt to represent the corporation, in a chapter 11 bankruptcy matter. During the course of Witt's representation, the plaintiff informed Witt that Deedy Construction Company (Deedy), a subcontractor, had brought an action against both the cor-

---

[1] Witt is an attorney licensed to practice law in Connecticut, and Witt and Associates, P.C., is a law firm that is organized as a corporation, of which Witt is the president. Judgment was rendered against both the corporation and Witt individually. For convenience, however, only the individual defendant, Witt, will hereinafter be mentioned.

[2] The plaintiff Alphonse T. Dubreuil is the president of A. Dubreuil and Sons, Inc. For convenience, we refer in this opinion to Alphonse T. Dubreuil as the plaintiff.

poration and the plaintiffs individually to recover payments allegedly due and owing for demolition work that Deedy had performed on behalf of the corporation.

On June 22, 1994, Witt failed to appear, or did not timely appear, at a pretrial conference regarding Deedy's action against the plaintiffs. As a result, a default was entered against the plaintiffs. The pretrial conference was rescheduled for August 22, 1994. Witt failed to attend, or did not appear timely at, the rescheduled conference, and a judgment of default was rendered against the plaintiffs. Witt filed a motion to open the judgment of nonsuit that subsequently was rendered against the plaintiffs. The court denied the motion on February 6, 1995. The plaintiffs claim that they then paid $32,500 in damages to Deedy in exchange for a full release.

The plaintiffs then brought an action against Witt, claiming that Witt had committed negligence and violated the Rules of Professional Conduct. In their amended complaint, the plaintiffs did not allege that they had paid any money to Deedy. The court rendered judgment against both defendants. The court requested that the plaintiffs submit an affidavit of debt and, on the basis of the plaintiffs' affidavits, awarded damages in the amount of $53,130. Additional facts will be discussed where pertinent to the issues raised.

I

We first turn to Witt's claim that the court abused its discretion in denying his motion for a default in which he alleged that the plaintiffs had failed to answer interrogatories and to comply with requests for production. We disagree.

The following additional facts are relevant to our resolution of the defendants' claim. In April, 1997, Witt served the plaintiffs with interrogatories and requests

for production. After the plaintiffs failed to respond to the requests, in September, 1997, Witt filed a motion for an order of compliance pursuant to Practice Book § 231, now § 13-14,[3] requesting that a nonsuit enter against the plaintiffs, and that the court order compliance and award attorney's fees. When Witt still had not received answers to either the interrogatories or the requests for production, he filed another motion for an order of compliance. On April 3, 1998, the court awarded attorney's fees to Witt for the cost of filing the motion and ruled that a nonsuit would enter against the plaintiffs unless there was compliance within two weeks.

During the first day of trial, the court ordered the plaintiffs to comply fully with Witt's discovery requests by the end of the next day. On the second day of trial, Witt made a motion for a default, claiming that the plaintiffs still had failed to comply with the prior day's order. The court concluded that the plaintiffs had complied with the discovery order and denied Witt's motion for a default.

On appeal, we review a court's decision whether to issue sanctions pursuant to Practice Book § 231, now § 13-14, under an abuse of discretion standard. *Nelson* v. *Housing Authority*, 63 Conn. App. 113, 117, 774 A.2d 1025 (2001). "In reviewing a claim that this discretion has been abused the unquestioned rule is that great

---

[3] Practice Book § 231, now § 13-14, provides in relevant part: "If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead, or has failed to respond to requests for production . . . or has failed to comply with a discovery order made pursuant to Sec. 230A [now § 13-13] . . . or has failed otherwise substantially to comply with any other discovery order . . . the court may, on motion, make such order as the ends of justice require.

"Such orders may include the following:

"(a) The entry of a nonsuit or default against the party failing to comply . . . ."

weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [T]he ultimate issue is whether the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Connecticut National Bank* v. *Investors Capital Corp.*, 29 Conn. App. 48, 54–55, cert. denied, 224 Conn. 902, 615 A.2d 1044 (1992).

In denying Witt's motion for a default, the court had the benefit of having before it Witt's interrogatories and requests for production, and the plaintiffs' responses. After reviewing the plaintiffs' responses, the court found that there had been compliance with the discovery requests. On the basis of the record before us, and giving every reasonable presumption in favor of the court's decision, as we must, we conclude that the court did not abuse its discretion in denying Witt's motion for a default.

## II

As our resolution of the following issue effectively decides this appeal, we now address the claim that the court abused its discretion in limiting the extent of Witt's cross-examination of the plaintiff and thereby violated Witt's due process rights to present witnesses and to offer evidence.

The following additional facts are relevant to our resolution of Witt's claim. On the second day of trial, the plaintiff testified. It is the cross-examination of the plaintiff that forms the basis of Witt's claim.[4]

[4] The following are examples of colloquies, relevant to our analysis, that occurred during Witt's cross-examination of the plaintiff:

"[Defendant Otto P. Witt]: Who retained me?

"[Plaintiffs' Counsel]: Your Honor, I will object to that question, who retained him.

"The Court: On direct examination, [the plaintiff] testified that he retained the corporation. . . . That [exhibit one] is an affidavit of Otto Witt. [Exhibit one states that he is] an attorney for Alphonse and Marilyn Dubreuil in the above captioned matter, which is Deedy Construction versus A. Dubreuil and Sons. . . . I will sustain the objection to the question. . . .

"[Defendant Otto P. Witt]: Your Honor, the complaint alleges the man

## "In the context of a civil case, our Supreme Court, in accepting a common law right to cross-examination, stated [t]he right of cross-examination is not a privilege

retained me. It alleges a breach of contract. I am certainly entitled to inquire about [the] circumstances of him retaining me.

"The Court: You stated who retained you when you filed an affidavit as to—

"[Defendant Otto P. Witt]: There is more than one matter at issue here. . . .

"The Court: I have made my ruling. You may proceed.

\* \* \*

"[Defendant Otto P. Witt]: Did you ever sign a contract, A. Dubreuil and Sons, sign a contract with Aetna to do the demolition work?

"[Plaintiffs' Counsel]: Objection.

"The Court: Objection sustained. That has all been done. We know that happened. Then there was a lawsuit. You represented him. What happened after that, that is what we are interested in here. . . .

"[Defendant Otto P. Witt]: Your Honor, I am entitled to cross-examine.

"The Court: You are not entitled to cross-examine about things that are not relevant to the case. You can cross-examine regarding issues in the case. . . . I read the complaint. Ask questions regarding the complaint, that is all.

\* \* \*

"[Defendant Otto P. Witt]: When [the corporation was] sued by Deedy, did you hire an attorney to represent you?

"[Plaintiffs' Counsel]: I object . . . to the relevance. . . . The only question that is relevant is did he show up or did he get a substitute counsel.

"The Court: I will sustain the objection. . . .

"[Defendant Otto P. Witt]: Isn't it a fact that you had an attorney representing you, [the corporation], when Deedy first filed this case?

"[Plaintiffs' Counsel]: Your Honor—

"The Court: I will sustain the objection as not relevant.

"[Defendant Otto P. Witt]: Your Honor, it goes to credibility.

"The Court: You can't ask anything in the world about credibility. You have to stick to the issues in the case. . . . The objection is sustained. Please ask your next question.

\* \* \*

"[Defendant Otto P. Witt]: On direct examination, Mr. Dubreuil, you testified that you never entered into a contract yourself, it was always [the corporation], and you didn't guarantee any contract. . . . Did you ever guarantee any debts of [the corporation]?

"[Plaintiffs' Counsel]: Your Honor, at this point I would like to just—if we can establish liability, then we can go onto the damages issue. . . The liability issue only revolves around one issue, two issues actually; did attorney Witt obtain substitute counsel, and did he show up for trial. . . .

"The Court: Mr. Witt, you say in your affidavit, paragraph four, judgment was entered against Alphonse and Marilyn Dubreuil through reasonable error or neglect and not due to wilful or neglect misconduct. That you had

but [is] an absolute right . . . ." (Internal quotation marks omitted.) *Close, Jensen & Miller, P.C.* v. *Lomangino*, 51 Conn. App. 576, 580–81, 722 A.2d 1224, cert. denied, 248 Conn. 905, 731 A.2d 306 (1999), quoting *Gordon* v. *Indusco Management Corp.*, 164 Conn. 262, 271, 320 A.2d 811 (1973). "It is only after the right of cross-examination has been substantially and fairly exercised that the allowance of cross-examination becomes discretionary with the trial court." *Gordon* v. *Indusco Management Corp.*, supra, 271.

Our standard of review of a claim that the court improperly limited the cross-examination of a witness is one of abuse of discretion. *Robert M. Elliott, P.C.* v. *Stuart*, 53 Conn. App. 333, 341, 730 A.2d 1176, cert. denied, 249 Conn. 928, 733 A.2d 848 (1999). "[I]n . . . matters pertaining to control over cross-examination, a considerable latitude of discretion is allowed. . . . The determination of whether a matter is relevant or collateral, and the scope and extent of cross-examination of a witness, generally rests within the sound discretion of the trial court." (Citations omitted; internal quotation marks omitted.) *Close, Jensen & Miller, P.C.* v. *Lomangino*, supra, 51 Conn. App. 581. "Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether

a good defense to the action against them, but it was not pursued apparently. If you have any legitimate questions, please ask him, otherwise I will let counsel call his next witness.

"[Defendant Otto P. Witt]: With respect to the demolition job, it is a fact, isn't it, that you billed [Aetna] not only for the work done by Deedy but also work done by [the corporation]?

"[Plaintiffs' Counsel]: Your Honor—

"The Court: Objection sustained, not relevant. I am not going to let you keep this up all day. Unless you have any relevant questions, I am going to let this witness step down and call [the plaintiffs'] next witness.

"[Defendant Otto P. Witt]: Your Honor, it is relevant.

"The Court: I have ruled that it is not relevant, it is all established in the other file and in the affidavit that you filed. . . . The witness may step down. You may sit down. [Attorney Skelton,] [c]all your next witness."

there has been an abuse of discretion." (Internal quotation marks omitted.) Id., 582.

"In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial." (Internal quotation marks omitted.) *State* v. *Santiago*, 224 Conn. 325, 331, 618 A.2d 32 (1992). "Although it is axiomatic that the scope of cross-examination generally rests within the discretion of the trial court, [t]he denial of all meaningful cross-examination into a legitimate area of inquiry" constitutes an abuse of discretion. (Internal quotation marks omitted.) Id.

It is well settled that the scope of the cross-examination of a witness is limited by the scope of the direct examination unless there is an attack on the credibility of that witness. *Grievance Committee* v. *Dacey*, 154 Conn. 129, 150, 222 A.2d 339 (1966), appeal dismissed, 386 U.S. 683, 87 S. Ct. 1325, 18 L. Ed. 2d 404 (1967). The evidence elicited during direct examination delineates the scope of cross-examination. *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 94–95, 709 A.2d 14 (1998). Further, "[a] question [on cross-examination] is within the scope of the direct examination if it is intended to rebut, impeach, modify or explain any of the [witness'] direct testimony . . . ." (Internal quotation marks omitted.) *Wright* v. *Hutt*, 50 Conn. App. 439, 455, 718 A.2d 969, cert. denied, 247 Conn. 939, 723 A.2d 320 (1998). "A party who initiates discussion of an issue, whether on direct or cross-examination, is said to have 'opened the door' to inquiry by the opposing party, and cannot later object when the opposing party so questions the witness." *New London Federal Savings Bank* v. *Tucciarone*, supra, 95.

After thoroughly reviewing the record in this case, we conclude that the court abused its discretion by precluding Witt from cross-examining the plaintiff about the nature of the parties' legal relationship and the damages that the plaintiffs allegedly incurred.

In this legal malpractice action, the plaintiffs were required to establish "(1) the existence of an attorney-client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." *Mayer* v. *Biafore, Florek & O'Neill*, 245 Conn. 88, 92, 713 A.2d 1267 (1998). Accordingly, at issue in the trial was the relationship between the plaintiffs and Witt, Witt's alleged lapse in his representation of the plaintiffs, whether Witt's alleged inaction caused damages to the plaintiffs and the damages allegedly suffered.

On direct examination, the plaintiff testified about the circumstances surrounding Deedy's action against the corporation for nonpayment. The plaintiff then stated that, in his capacity as president of the corporation, he had retained Witt to represent the corporation in a bankruptcy matter. The plaintiff stated that on several occasions he spoke with Witt about the Deedy situation and that Witt told him that it would be taken care of. Further, the plaintiff detailed that Deedy had filed a lien against his personal residence and commenced a foreclosure action against him personally, and that he had to pay $32,500 in damages to Deedy.

Because the plaintiff testified on direct examination that he had retained Witt to represent the corporation, Witt was entitled to question him on cross-examination about the nature and extent of their legal relationship and representation. Several times during cross-examination, Witt attempted, to no avail, to ask questions regarding that legal relationship. The court sustained the plaintiffs' objections to questions involving the plaintiffs' retainer of Witt as an attorney on the ground

of lack of relevance and stated that Witt was "bound by what the affidavit [that he had filed] says." Witt also asked the plaintiff whether another attorney represented the corporation when Deedy first filed its action in an attempt to cast doubt on the plaintiff's credibility, to which the court responded that "[Witt] can't ask anything in the world about credibility."

The plaintiff further testified on direct examination about the corporation's contract with Deedy as well as the Deedy action against the corporation and the plaintiffs personally. When Witt attempted to question the plaintiff about the contract with Deedy and the subsequent action, the court sustained the plaintiffs' objection and responded, "[y]ou are not entitled to cross-examine about things that are not relevant to the case. . . . I read the complaint. Ask questions regarding the complaint, that is all." In addition, the court precluded Witt from inquiring into the issue of damages and whether the plaintiffs had paid money to Deedy. Because the plaintiff opened the door to those areas of inquiry on direct examination, however, Witt had the right to question the plaintiff further on cross-examination about the damages allegedly suffered. See *Richmond* v. *Longo*, 27 Conn. App. 30, 39, 604 A.2d 374, cert. denied, 222 Conn. 902, 606 A.2d 1328 (1992).

In this legal malpractice action, the issues of whether there was an attorney-client relationship and damages were central to the proper resolution of the case. The questions that Witt asked were relevant to and addressed the principal issues. By precluding Witt from inquiring about the legal relationship and about damages, the court improperly prohibited inquiry into a legitimate area of cross-examination. We conclude, therefore, that the court abused its discretion in failing to allow Witt to conduct a meaningful cross-examination of the plaintiff.

"[B]efore a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . When determining that issue in a civil case, the standard to be used is whether the erroneous ruling would likely affect the result. . . . Any testimony in a case that tends of itself or in connection with other testimony to influence the result on a fact in issue is material. If the testimony would tend to affect the verdict of the [trier of fact], it meets the test of materiality." (Internal quotation marks omitted.) *Robert M. Elliott, P.C.* v. *Stuart*, supra, 53 Conn. App. 340. Witt is entitled to relief in the form of a new trial if the court's improper limitation of the cross-examination of the plaintiff was harmful. See *Hayes* v. *Manchester Memorial Hospital*, 38 Conn. App. 471, 475, 661 A.2d 123, cert. denied, 235 Conn. 922, 666 A.2d 1185 (1995).

After reviewing the entire record, we conclude that the court's limitation of Witt's cross-examination of the plaintiff affected the outcome of the trial and was not merely harmless. The only two witnesses who testified during the trial were Alphonse T. Dubreuil and Witt. Resolution of the case revolved around their testimony only. As a result of its rulings on cross-examination, however, the court prevented Witt from rebutting and analyzing the plaintiff's version of events as set forth in his direct examination. Further, the evidence excluded would have addressed two of the principal issues in the case, namely the parties' legal relationship and the damages that the plaintiffs allegedly incurred.

When a party has been deprived of a "fair and full cross-examination of a witness upon the subjects of his examination in chief . . . [the] denial of this right is . . . prejudicial and requires reversal by this court." (Internal quotation marks omitted.) *Richmond* v. *Longo*, supra, 27 Conn. App. 40. We conclude that the court abused its discretion in limiting Witt's cross-exam-

ination of the plaintiff and, as a result, we are required to remand the case for a new trial.[5]

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[5] On the basis of our disposition of Witt's claim that the court improperly limited his cross-examination of the plaintiff, we find it unnecessary to address Witt's remaining claims.