[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By their amended complaint filed April 24, 1997, plaintiffs set forth in two counts their claim for legal malpractice against the defendant.[1]
The first count of the complaint is a claim of negligence and the second count alleges a breach of contract and a violation of the rules of professional conduct. Defendant has denied the essential allegations of the complaint and interposed affirmative defenses of satisfaction and accord and that plaintiffs have failed to state a cause of action.
For reasons hereinafter stated, the issues are found for the plaintiffs on the complaint and the affirmative defenses. Judgement is entered for plaintiffs.
The case was previously tried and a judgment was rendered in April, 1998 in favor of plaintiffs. The decision was appealed by defendant. On August 14, 2001, the Appellate Court reversed the decision of the trial court and remanded the case for a new trial. Dubreuil v. Witt,65 Conn. App. 35 (2001).
The second trial was held on November 12 and 13, 2002.
Defendants filed a motion for non-suit on May 6, 2002 claiming that plaintiffs had never fully complied with Judge Hurley's order of April 3, 1998, concerning interrogatories and production. During the original trial, Judge Hurley denied a similar motion for non-suit and ruled that the order had been complied with. This ruling was included with the issues presented to the Appellate Court which upheld Judge Hurley's ruling. Id., 37-39. In view of the Appellate Court's decision, no further ruling was required on plaintiffs motion.
Issues involving plaintiffs calling expert witness also came before the court. The parties were unable to reach agreement concerning a joint trial management report. Plaintiffs filed a trial management report dated CT Page 1082 November 4, 2002. This report indicated that plaintiffs intended to call two witnesses. Plaintiff, Alphonse T. Dubreuil and Attorney Raymond LeFoll, as an expert witness. This disclosure of an expert witness was not in compliance with Connecticut Practice Book § 13-4(4).
On November 12, 2000, defendant filed a motion to preclude the testimony of Attorney LeFoll claiming that the disclosure was not made within a reasonable time before trial and was not in compliance with Connecticut Practice Book § 13-4.
In attempting to rectify the situation on November 8, 2002, plaintiffs filed a short disclosure of expert witness pleading. The case had been previously assigned for trial on November 12, 2001. The parties were present in court at the appropriate time on that date. Argument was had on the pending motion to preclude Attorney Lefoll's testimony. After such argument, the motion to preclude was granted. This late attempt to comply with the rules was not made within a reasonable time prior to trial and such late disclosure would of necessity cause interference with the orderly progress of the trial and could cause prejudice to defendant who would have little time to depose the attorney or prepare for his testimony.
A disclosure of expert witness filed by plaintiffs on October 23, 1997 was in the file. This pleading stated that Attorney Leonard A. Fasano would be expected to testify "as to the extent to which the conduct of the defendants as alleged in the complaint amounts to legal malpractice. He is further expected to testify as to damages incurred as a result of said "legal malpractice."
Plaintiff's attorney announced that Attorney Fasano had been contacted and that he would be available to testify in the afternoon. Later in the day, plaintiffs attorney informed the court that Attorney Fasano was ill and would not be available in the afternoon, but that he would be available at a later date. After the completion of all evidence, the court stated that two days had bean set aside for the trial, and if Attorney Fasano was available on the following day, the court would consider a motion to reopen plaintiffs case and allow him to testify.
Defendant objected to Attorney Fasano being allowed to testify and filed a motion to preclude this testimony. In the motion, defendant stated that the case was pretried on September 6, 2002 and a trial date of November 12, 2002 was set. On November 4, 2002, plaintiff's attorney faxed to defendant's attorney a proposed joint trial management report which listed plaintiff and Attorney LeFoll as their only witnesses. It was claimed that defendant was surprised by this decision to call CT Page 1083 Attorney Fasano as an expert and that defendant was prejudiced by the late notice delivered at the start of the evidence. It was claimed that if Attorney Fasano testified, it could result in defendant being required to open his case for additional evidence.
Defendant also sought to renew a motion in limine filed with respect to Attorney Fasano's testimony at the time of the first trial.[2] After the opening of court on November 13, 2002, plaintiffs filed a handwritten motion to reopen the case for additional testimonial evidence. In the motion it was represented that Attorney Fasano was ill and not available. It was requested that the ease be continued to another date when Attorney Fasano might be then available. Plaintiffs motion was denied and defendant's motion to preclude was granted.
The case has been pending since 1996 and the parties have had ample time to review the pleadings and prepare for trial. The rules for discovery are designed to produce fair trials with no surprises.[3]
Although Attorney Fasano had been disclosed as an expert who might be called by plaintiffs to testify in this case, that disclosure had been made five years prior to the case being called in for retrial. Defendant in court, ready to start the evidence, had no inkling that Attorney Fasano might be called to testify in the case. Such testimony would be prejudicial to defendant who would have had almost no time to prepare for cross examination or to depose the witness.
The disclosure of the expert witness filed under the provisions of Connecticut Practice Book § 220(D) (now § 13-4) was not in full compliance with that provision of the Practice Book. The language found in Sullivan v. Yale-New Haven Hospital, Inc., 64 Conn. App. 750, 759
(2001) that "plaintiffs disclosure of their expert with the disclosure requirements of the Practice Book because it (did) not, except for the most cursory fashion possible, state the substance of the facts and opinions to which the expert(s) were expected to testify, and it certainly (did not) state anything that could conceivably be called a summary of the grounds for each opinion" applies to the disclosure here. Even if Attorney Fasano had been available to testify, his testimony in all probability would be limited and not of great assistance to the court.
This case had been pending since 1996. It had been assigned for a two-day trial starting November 12, 2002. If Attorney Fasano had been available on November 13, 2002, the court would have considered the plaintiffs motion to reopen the case for additional evidence. Attorney Fasano, however, was not available. He was never disclosed as a witness prior to trial. His testimony probably would be limited. If plaintiffs CT Page 1084 motion were granted, the trial would have to be continued to some uncertain future date. Such a continuance would cause undue interference with the orderly progress of the trial of the case.
Two witnesses testified in this case, plaintiff Alphonse Dubreuil and defendant Attorney Otto Witt. The court also took judicial notice of two files, Docket No. 101288, Deedy Construction Company, Inc. v. A. DubreuilSons, Inc. and Docket No. 0107408, Deedy Construction Co. v. Alphonse D.Dubreuil and Marilyn B. Dubreuil. Both cases originated in the Judicial District of New London. From such evidence and the logical inferences which may be drawn from such evidence, the following melancholy finding of facts is made.
In March, 1992, plaintiff Alphonse Dubreuil was the president of a corporation entitled A. Dubreuil Sons, Inc. This firm was involved in commercial construction and had been operating as such for over 20 years. This corporation had utilized the services of Louis Levine Agency, Inc. for insurance and bonding purposes. On or about March 10, 1992, at 7:00 am, Andy Levine of The Levine Agency called plaintiff Alphonse Dubreuil and asked him to come to the scene of a fire in New London involving a building which The Levine Agency had insured. Mr. Dubreuil complied with this request and met Mr. Levine at the scene of the fire. A representative of Aetna Casualty Insurance Company was also present. Because of the damage to building, it was requested that the Dubreuil Corporation take down the damaged building. Mr. Dubreuil replied that he was not in the demolition business and could not do this work. Deedy Construction Co., Inc. was in this business, however, and could do the work. A representative of that company was called in and met with the parties. Deedy Construction completed removal of the building within two weeks. Alphonse Dubreuil testified that there was no written contract with Deedy Construction and that he did serve as clerk of the works in the demolition.
It was understood that Aetna would pay for the demolition, work. Aetna, however, denied liability and refused to pay based upon a claim of arson.
Not having been paid for the demolition work in July, 1992, Deedy Construction brought an action against A. Dubreuil Sons, Inc. In this action, Deedy alleged that it had a contract with the Dubreuil Corporation for the demolition of a building in New London and that it had performed its obligations under the contract but had not been paid. It was claimed that $67,277.88 was owed for this service. Mr. Dubreuil claimed that he was unrepresented during the initial phase of Deedy's lawsuit. Although Mr. Dubreuil claimed that he was then unrepresented on CT Page 1085 September 22, 1992, Attorney Theodore A. Harris filed an appearance for the defendant in that action. In December, 1992, Attorney Harris filed an answer. On March 9, 1993, Attorney Harris moved to withdraw as counsel for the defendant.
About the same time, because of failing health on the part of Alphonse Dubreuil, the Dubreuil Construction Company was not doing well financially and retained the services of defendant Attorney Otto Witt to institute a bankruptcy proceeding.
On February 11, 1993, the Levine Agency was made a party defendant in the action with a claim that it was the agent for the property owner and Aetna Casualty had represented that there was an insurance policy sufficient to pay for the demolition. On March 12, 1993, Deedy Construction requested to amend the complaint to cite in Alphonse Dubreuil and Marilyn Dubreuil as defendants in the pending action. This request was granted.
The amended complaint was in three counts. The first count contained allegations against the Dubreuil Corporation and the second count addressed the claim against the Levine Agency. The third count alleged that at the commencement of this action, a prejudgment attachment was obtained against the assets of the Dubreuil Corporation and that Alphonse Dubreuil and Marilyn Dubreuil, by their attorney, represented that they would be liable individually for the obligations for the corporation in consideration of Deedy Construction not proceeding against the Dubreuil Corporation. It was further alleged that in furtherance of this representation, Attorney Harris sent correspondence which included a draft of a personal guarantee and that notwithstanding the representations set forth in the correspondence the defendants had refused to comply with the terms of the correspondence.
In the present case, plaintiff Alphonse Dubreuil testified that he never signed a personal guarantee for the Deedy claim and in an affidavit filed after judgment in that case, stated that he never gave Attorney Harris authority to represent that he would be a guarantor. While the Deedy Construction Company action was pending, plaintiff Alphonse Dubreuil had been dealing with defendant Attorney Witt in the bankruptcy proceedings. He informed Attorney Witt what was going on in the lawsuit involving Deedy and asked that Attorney Witt represent him in this case. On May 7, 1993, Attorney Witt filed his appearance in the Deedy case for defendants Alphonse Dubreuil and Marilyn Dubreuil. On July 28, 1993, with the permission of the court, Attorney Witt filed a cross-complaint against the Levine Agency. Later on August 12, 1993, Attorney Witt moved to implead Aetna Casualty as a third party defendant. This was granted CT Page 1086 and a cross-complaint against the Levine Agency and Aetna Casualty was filed. Answers were subsequently filed by the defendants on the cross-complaint.
The pleadings having been closed, the case was scheduled for a pretrial conference on June 22, 1994. At that time, plaintiff Alphonse Dubreuil was in the hospital in intensive care after suffering a heart attack. On that date, June 22, 1994, the following order was entered by the court (Hendel, J.). "The defendants Alphonse Dubreuil and Marilyn Dubreuil are hereby defaulted on plaintiffs' complaint and a non-suit shall enter on their cross-complaint and counterclaim for failure to attend a pretrial.
On August 1, 1994, Deedy Construction's attorney moved that judgment enter on the default of June 22, 1994 against Alphonse and Marilyn Dubreuil. This motion was granted on August 23, 1994 and judgment in the amount of $67,277.88 was entered against the Dubreuils.
Attorney Witt moved to reopen this judgment on September 16, 1994. In his motion, Attorney Witt stated that at the pretrial conference scheduled for June 22, 1994 he contacted the court to explain that he would be slightly late through "excusable error" but that prior to his arrival default had been entered and that the matter had been proceeded to judgment on August 23, 1994. Attorney Witt also stated in his motion that his late arrival was neither intentional nor negligent but due to delay in travel and that his clients were not personally liable. An affidavit in support of the motion was also filed. Attorney Witt testified that about this time he was attempting to resolve the matter by a compromise in the bankruptcy court. He assumed that this compromise would be approved and that it would resolve the Deedy Construction claim against the Dubreuils.
Attorney Witt's motion to reopen the judgment was scheduled for hearing at short calender. Attorney Witt failed to appear and argue the motion and the motion was denied on February 6, 1995.
Attorney Witt claimed that he was unable to attend a short calendar to argue the motion because of injuries sustained in an automobile accident. He stated that he informed opposing counsel and that it was agreed that the matter should be taken on the papers. Attorney Witt assumed that it would be a routine matter. Unfortunately, the motion was denied. No follow up on this ruling appears to have been taken by Attorney Witt.
The situation then was that Deedy Construction had a $67,277.88 judgment against Alphonse and Marilyn Dubreuil. CT Page 1087
Deedy Construction's judgment against the Dubreuils being unsatisfied, a judgment lien was filed against their residential real property in the Town of Waterford. In April, 1995, Deedy Construction filed an action to foreclose its judgment lien and moved for a disclosure of defense.
On April 7, 1995, Attorney Witt filed an appearance in the foreclosure action together with a disclosure of defense alleging that the judgment which formed the basis of the action was void or voidable and that the action violated the Connecticut Uniform Trade Practices Act (CUTPA). Subsequently, Attorney Witt filed an answer and a counterclaim on behalf of the Dubreuil's. The counterclaim appeared to be against Deedy Construction's attorneys alleging a violation of I CUTPA in that they knew that the judgment against the Dubreuils was invalid and that the firm knew that the Dubreuils never personally guaranteed the contract with Deedy Construction.
Alphonse Dubreuil testified that he discharged Attorney Witt from further representation in this case and retained the services of Attorney Robert G. Skelton who filed an appearance on his behalf on April 25, 1995.
A judgment of strict foreclosure was entered against the Dubreuils on July 24, 1996 with a finding of debt in the amount of $80,818.20 plus fees and a notation that defendants could redeem the property before September 24, 1996 for $75,000.00.
In the foreclosure file there is a document entitled Joint Civil Trial Management Conference Report which states, among other things, that there was an effort to compromise a claim between A. Dubreuil Sons., Inc. and Aetna Casualty and The Levine Agency in the amount of $42,500.00 If the conference was approved by the bankruptcy court, this amount would be available to pay Deedy. The evidence indicates that some sort of agreement was worked out and that plaintiff Alphonse Dubreuil and Marilyn Dubreuil paid Deedy Construction the amount of $32,500.00 as their part in the settlement of the claim by Deedy Construction. On October 1, 1996, a satisfaction of judgment was filed in the foreclosure action indicating that judgment had been fully paid and satisfied by the Dubreuils to Deedy construction.
The thrust of the complaint in this action is a claim for damages arising out of legal malpractice on the part of Attorney Witt. It is claimed, in both the first and second counts, that plaintiffs have suffered damages as a result of Attorney Witt's allowing judgment to enter against them in the lawsuit brought against them by Deedy CT Page 1088 Construction, Inc.
"Professional negligence or malpractice . . . [is] defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." Vona v. Lerner, 72 Conn. App. 179, 187 (2002). A plaintiff in a malpractice action against an attorney must establish "(1) the existence of an attorney/client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages." Id. As a general rule for a plaintiff to prevail in a legal malpractice case, the plaintiff must present expert testimony to establish a standard of proper professional skill or care. Pearl v. Nelson, 13 Conn. App. 170, 176
(1988). The requirement of expert testimony in malpractice cases serves to assist lay people such as members of the jury and the presiding judge to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard. LePage v. Horne,262 Conn. 116, 125 (2002).
There is an exception to the general rule that a plaintiff cannot prevail in a malpractice action unless he presents relevant expert testimony: "[W]here there is such an obvious and gross want of care and skill that the neglect is clear even to a lay person." Paul v. Gordon,58 Conn. App. 724, 728 (2000). Based upon Davis v. Margolis, 215 Conn. 408,416 (1990), this exception applies to claims of legal malpractice as well as medical malpractice. Id. In this case, the evidence is clear that an attorney/client relationship existed between the plaintiffs and Attorney Witt who filed an appearance on their behalf and actively represented them after they had been cited in personally in the lawsuit and brought by Deedy Construction, Inc. By failing to appear at the pretrial on June 22, 1994, Attorney Witt allowed a non-suit and default against his clients. He took no action to set aside this non-suit and default until after judgment in the amount of $67,277.88 had entered against his clients on August 23, 1994. It was not until September 16, 1994 that he moved to reopen this judgment. He failed to appear at short calendar to argue the motion to reopen that judgment or to take any other action to protect the interest of his clients. This was particularly egregious where plaintiffs appear to have had a good defense to the claim that they were personal liable for the debt. It is questionable as to whether the count in the complaint against them even stated a good cause of action.
Attorney Witt's conduct in this matter was such an obvious and gross want of care and skill that the neglect would be clear even to a layperson. Under such circumstances, the issue of negligence could be CT Page 1089 submitted to the trier of fact without the assistance of expert testimony. Pearl v. Gordon, supra.
It is therefore found that the allegations of negligence and breach of contract alleged in the complaint against Attorney Witt have been proven. The allegations of the affirmative defense have not been proven.
It must also be found that Attorney Witt's wrongful acts and omissions in representing plaintiffs were the proximate causes of the judgment entering against plaintiffs. This judgment resulted in the lien being placed on plaintiffs' residential property. The action to foreclose this lien followed. To save their residential property, plaintiffs were forced to pay $32,500.00 to Deedy Construction Company.
The only credible evidence of damages was that plaintiffs had to pay $32,500.00 to satisfy the foreclosure judgment against them.
Accordingly, the issues having been found for the plaintiffs against the defendant, judgment is rendered in favor of the plaintiff's amount of $32,500.00.
 ___________________ Joseph J. Purtill. JTR