ALPHONSE T. DUBREUIL ET AL. *v.*
OTTO P. WITT ET AL.
(SC 17143)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued October 19—officially released November 23, 2004

*Otto P. Witt,* pro se, the appellant (named defendant).

*Joseph X. Du Mond,* for the appellees (plaintiffs).

*Opinion*

PER CURIAM. The sole issue in this certified appeal is whether, in this legal malpractice action tried to the court, the trial court's knowledge of the standard of care and of what constitutes a breach of that standard obviated the plaintiff's burden to present expert testimony regarding the defendant's breach of the standard of care. The named defendant, Otto P. Witt,[1] appeals, following our grant of certification,[2] from the judgment of the Appellate Court affirming the trial court's judgment for the plaintiffs, Alphonse T. Dubreuil and Marilyn B. Dubreuil,[3] rendered after a trial to the court. The defendant claims that the Appellate Court improperly concluded that expert testimony was unnecessary to establish that he had violated the standard of care. We affirm the judgment of the Appellate Court.

The plaintiffs brought this legal malpractice action in two counts against the defendant. The first count alleged that the defendant's failure to appear at court proceedings on three separate occasions while representing the plaintiffs in a collection action brought by Deedy Construction Company constituted negligence on the part of the defendant and resulted in a judgment against the plaintiffs in the amount of $67,277.85, and the placement of a lien to secure the judgment on property belonging to the plaintiffs. The second count

---

[1] The named defendant's law firm, Witt and Associates, P.C., was also a defendant in the trial court, but chose not to pursue an appeal. Hereafter, we therefore refer to Witt as the defendant.

[2] We granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that, in a legal malpractice action tried to the court, the plaintiff need not present expert testimony regarding the defendant's breach of the standard of care because the court is aware of the standard of care and of what constitutes a breach of that standard?" *Dubreuil* v. *Witt*, 268 Conn. 903, 845 A.2d 407 (2004).

[3] The plaintiffs were clients of the defendant in a collection action commenced by Deedy Construction Company.

alleged that the defendant's negligence constituted violations of rules 1.1, 1.3, 1.4 and 1.5 of the Rules of Professional Conduct, and that his negligence and violations of the Rules of Professional Conduct amounted to breach of contract.

Following a trial to the court in April, 1998, the trial court, *Hon. D. Michael Hurley*, judge trial referee, rendered judgment for the plaintiffs without hearing expert testimony regarding whether the defendant had breached the standard of care because the court determined that it did not need such testimony to make its ruling. The defendant appealed from the judgment of the trial court claiming, inter alia, that the trial court had abused its discretion by limiting his cross-examination of Alphonse T. Dubreuil, and that the trial court improperly had found that legal malpractice occurred even though the plaintiffs had failed to present any expert testimony to that effect. *Dubreuil* v. *Witt*, 65 Conn. App. 35, 36, 781 A.2d 503 (2001). The Appellate Court reversed the trial court's judgment and remanded the case for a new trial on the ground that the trial court improperly had limited the defendant's cross-examination of Alphonse T. Dubreuil; id., 45–46; and accordingly declined to reach the issue of whether the trial court's finding of legal malpractice, despite the plaintiffs' failure to present expert testimony, was improper. Id., 46 n.5.

On remand, the matter again was tried to the court. The trial court, *Hon. Joseph J. Purtill*, judge trial referee, rendered judgment for the plaintiffs, again without hearing expert testimony regarding whether the defendant had breached the standard of care. In its memorandum of decision, the trial court stated that, pursuant to the decision in *Paul* v. *Gordon*, 58 Conn. App. 724, 727–28, 754 A.2d 851 (2000), the "[defendant's] conduct in this matter was such an obvious and gross want of care and skill that the neglect would be clear even to

a layperson. Under such circumstances, the issue of negligence could be submitted to the trier of fact without the assistance of expert testimony."

On appeal, although it affirmed the trial court's decision, the Appellate Court disagreed with the trial court that a layperson would be sufficiently familiar with the rules of practice to determine that the defendant's actions constituted negligence, without the assistance of expert testimony. *Dubreuil* v. *Witt*, 80 Conn. App. 410, 419–20, 835 A.2d 477 (2003). The Appellate Court nonetheless concluded that it had not been improper for the trial court to conclude that the defendant had violated the standard of care in the present case because a judge of the Superior Court would be aware of the rules of practice and the standard of care that applies to attorneys practicing in that court. Id., 420–22.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and comprehensive opinion of the Appellate Court; id., 410; properly resolved the issue in this certified appeal. A further discussion by this court would serve no useful purpose. See, e.g., *Tracy* v. *Allstate Ins. Co.*, 268 Conn. 281, 283, 842 A.2d 1123 (2004); *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001).

The judgment of the Appellate Court is affirmed.