******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

L. D. *v.* G. T.*
(AC 44386)

Prescott, Elgo and Eveleigh, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court granting the application for relief from abuse filed by the plaintiff and issuing an order of protection against him pursuant to the applicable statute ((Rev. to 2019) § 46b-15). The trial court granted the plaintiff's ex parte application for relief from abuse on behalf of herself and the parties' minor child, and issued a domestic violence order of protection against the defendant that required him, inter alia, not to assault, threaten, abuse, harass, follow, interfere with, or stalk the plaintiff. The court thereafter conducted a hearing on whether to extend the ex parte order, at which the plaintiff testified regarding her allegations against the defendant. At that hearing, the court denied the request of the defendant's counsel to cross-examine the plaintiff. The court rendered judgment granting the continuation of the order, from which the defendant appealed to this court. *Held* that the trial court abused its discretion in denying the defendant the opportunity to cross-examine the plaintiff during the hearing on the plaintiff's application for relief from abuse; this court disagreed with the trial court's reasoning that the posture of the proceeding at issue as a hearing, as opposed to a trial, obviated the need to provide an opportunity for cross-examination, as cross-examination would have aided the court in assessing credibility, including any bias, motive, interest and prejudice of the plaintiff.

Argued November 15, 2021—officially released March 1, 2022

*Procedural History*

Application for relief from abuse, brought to the Superior Court in the judicial district of Litchfield, where the court, *Wu, J.*, granted the application and issued an order of protection, and the defendant appealed to this court. *Reversed*; *judgment directed*.

*Robert A. Salerno*, for the appellant (defendant).

*Opinion*

EVELEIGH, J. The defendant, G. T., appeals from the judgment of the trial court granting the application of the plaintiff, L. D.,[1] for relief from abuse and issuing a domestic violence order of protection pursuant to General Statutes (Rev. to 2019) § 46b-15.[2] On appeal, the defendant argues, inter alia, that the court abused its discretion by precluding him from cross-examining the plaintiff during the hearing on the plaintiff's application for relief from abuse.[3] We agree and, accordingly, reverse the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The plaintiff and the defendant are the parents of a minor child, who, at the time of the application, was about three months old. On September 14, 2020, the plaintiff filed an application for relief from abuse on behalf of herself and the child against the defendant pursuant to § 46b-15. In her application, the plaintiff averred under oath to the following facts. From June 11, 2020, to September 10, 2020, the parties and the child were residing in the home of the defendant's parents. From September, 2019, to September, 2020, the defendant threatened her life, intimidated her with guns, blackmailed her, and tracked the location of her phone without her knowledge or consent, often showing up to her location uninvited.

The plaintiff further averred that from June 11, 2020, to September 10, 2020, when the plaintiff, the defendant, and their child were residing in the home of the defendant's parents, the defendant was forceful with their child. Specifically, according to the plaintiff, the defendant force-fed the child, yelled in the child's face while the child was sleeping, shook the child, and threw objects onto the child. Additionally, the defendant allegedly surveilled the plaintiff's actions and prevented her from turning off a baby monitor during therapy sessions. The plaintiff also claimed that the defendant threatened to find a way to take their minor child away from her and told her that, if she tried to leave with the child or protect herself from him, she would be unsuccessful because he had connections to law enforcement. The plaintiff further alleged that the defendant had sexually assaulted her on numerous occasions, and that there was a police investigation pending as a result of an incident that took place on September 4, 2020. On September 10, 2020, four days prior to filing the application for relief from abuse, the plaintiff and the child moved out of the residence of the defendant's parents and relocated to a new residence. The plaintiff's application stated that the defendant knew where the plaintiff and the child were residing.

On September 14, 2020, the court issued an ex parte domestic violence order of protection against the defen-

dant, effective until September 21, 2020. The court set a hearing date of September 21, 2020, to determine whether to extend the order. At the time of the hearing, the Department of Children and Families (department) was investigating the defendant on the basis of allegations of physical neglect of the parties' minor child. In addition, there was an ongoing custody action with respect to the child.

Both the defendant and the self-represented plaintiff appeared at the hearing on the plaintiff's application for relief from abuse. During the hearing, the plaintiff's testimony largely mirrored the statements she set forth in her application. After the completion of the plaintiff's testimony, counsel for the defendant sought to cross-examine the plaintiff. The court, however, stated that it was not going to permit the defendant to cross-examine the plaintiff. The following exchange occurred between the court and the defendant's counsel:

"The Court: . . . I'm assuming you're going to have your client testify . . . .

"[The Defendant's Counsel]: . . . I was going to do cross-examination first. . . . I'm assuming that I'm permitted to cross-examine the plaintiff.

"The Court: No. I'm not going to allow cross-examination. This is [an order of protection] hearing. The court hears the statement of the [plaintiff] and then hears the response from the [defendant].

"[The Defendant's Counsel]: My understanding, Your Honor, [is] that through the testimony that I can elicit from the opposing side, that I'm going to be able to ask her questions with regard to these allegations. These are allegations that involve sexual assault in the second degree, which she has admitted to bringing this to the police department at this point. I think that it is best to have testimony that is scrutinized, would be appropriate.

"The Court: Again, the court feels comfortable taking testimony from your client. If the court feels that it needs any further information from the [plaintiff], I'll ask the question.

"[The Defendant's Counsel]: If I may have a moment, please, Your Honor.

"The Court: Yes, you may.

"[The Defendant's Counsel]: With respect, Your Honor, at this point in time, my client is not going to elect to testify as a result of his fifth amendment privileges. We are going to seek to enter into this [order of protection] without prejudice to be able to revisit it at a later point in time. Should there be some sort of application or motion for modification, I'm hopeful, at that point, I'll be able to admit exhibits through the opposing applicant, because I have a voluminous amount of information that I would like to present, but

without being able to cross-examine at this point, I'm hamstrung, Your Honor, with respect to Your Honor.

"The Court: Okay. All right. Well, very good. So the court is going to enter a protective order. Again, any protective order the [defendant] has an ability to file a motion to ask the court to reconsider it so I don't believe that we're actually doing anything different from the standard but, under this protective order the court is ordering today, the [defendant] is to surrender or transfer all firearms and ammunition that he has or has access to. He is not to assault, threaten, abuse, harass, follow, interfere with or stalk the protected party. He is to stay away from the home of the protected person, wherever the protected person shall reside. He is not to contact the protected person in any manner, whether it be in writing, electronically, telephonically, social media. He's not to contact the protected person's home, workplace . . . or have others contact the protected party in any way that would likely cause annoyance or alarm to the protected person. This protective order does protect the minor child . . . . And the period of this protective order is going to be six months. . . ."

In accordance with its oral ruling, the court issued a written domestic violence order of protection against the defendant, effective for six months, to expire on March 21, 2021.[4] On October 7, 2020, the defendant filed a motion for reconsideration in which he requested the court to reconsider its order of protection against him or, in the alternative, to modify the order of protection to allow contact with the minor child. On October 22, 2021, the defendant filed a motion for modification requesting that the court permit the parties to communicate for the sole purpose of arranging parenting time for the defendant, on the basis of the department's request to observe the defendant and the minor child together for purposes of resolving the open department investigation.

A hearing on the defendant's motions was held on November 6, 2020. At the commencement of the hearing, the defendant's counsel stated that there were two motions before the court—the motion for reconsideration and the motion for modification. With regard to the motion for reconsideration, the following colloquy occurred between the court and the defendant's counsel:

"The Court: Okay. And counsel, it's your motion.

"[The Defendant's Counsel]: Why, I believe two motions [are] before the court today. I have the motion for reconsideration. And then we have the motion for modification of the [order of protection] here.

"The Court: Okay. I'm hearing the motion for modification.

"[The Defendant's Counsel]: All right. Your Honor, with respect, I do not know if we could address the

motion for reconsideration first, as I believe that it, obviously, impacts any motions that I make with regard to the motion for modification, because the ability to cross-examine, I think, would be of great import to the court. But at the same time, if the court decides that that is not a motion that we're going to hear, then that is, obviously, the court's prerogative and position to take.

"The Court: And . . . as you have correctly stated, it is the court's prerogative in a [order of protection] application—this is not a trial—this is a [order of protection] application, and the court is not inclined to allow cross-examination. So the—

"[The Defendant's Counsel]: Understood . . . .

"The Court: —the motion for reconsideration is denied."

The court then heard testimony on the motion for modification. Contrary to the plaintiff's assertions, the defendant testified that he had never screamed at or shook the minor child. The defendant further testified that the domestic violence order of protection, precluding him from seeing his child, would affect his relationship with the child. The defendant testified that he would be willing to be supervised during visits with the child should he be permitted to see his child. Additionally, the defendant testified that the department had found that the allegations of physical neglect of the minor child against him were unsubstantiated and, as a result, closed its investigation. Finally, the defendant's counsel informed the court that the custody action concerning the minor child was ongoing.

The plaintiff also testified, in opposition to the motion for modification, stating that, without the domestic violence order of protection in place, there was nothing ensuring her or the minor child's safety. The plaintiff testified that she believed that a modification of the domestic violence order of protection would be premature.

The court denied the defendant's motion for modification, stating that no testimony was provided concerning what constituted a significant change in circumstances, nor had enough time passed since the court's order for it to find that there had been a significant change in circumstances to warrant a modification. This appeal followed.

On appeal, the defendant claims, inter alia, that the court abused its discretion by not affording him any opportunity to cross-examine the plaintiff during the hearing on the plaintiff's application for relief from abuse. We agree.

We begin by setting forth the standard of review and the law that governs our analysis of the defendant's claim on appeal. "Our standard of review of a claim

that the court improperly limited the cross-examination of a witness is one of abuse of discretion. . . . [I]n . . . matters pertaining to control over cross-examination, a considerable latitude of discretion is allowed. . . . The determination of whether a matter is relevant or collateral, and the scope and extent of cross-examination of a witness, generally rests within the sound discretion of the trial court." (Citation omitted; internal quotation marks omitted.) *Dubreuil* v. *Witt*, 65 Conn. App. 35, 41, 781 A.2d 503 (2001), aff'd, 271 Conn. 782, 860 A.2d 698 (2004).

"Cross-examination is an indispensable means of eliciting facts that may raise questions about the credibility of witnesses and, as a substantial legal right, it may not be abrogated or abridged at the discretion of the court to the prejudice of the party conducting that cross-examination." *Hayes* v. *Manchester Memorial Hospital*, 38 Conn. App. 471, 474, 661 A.2d 123, cert. denied, 235 Conn. 922, 666 A.2d 1185 (1995). "When a party has been deprived of a fair and full cross-examination of a witness upon the subjects of his examination in chief . . . [the] denial of this right is . . . prejudicial and requires reversal by this court." (Internal quotation marks omitted.) *Dubreuil* v. *Witt*, supra, 65 Conn. App. 45.

"In determining whether a defendant's right of cross-examination has been unduly restricted, we consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial. . . . Although it is axiomatic that the scope of cross-examination generally rests within the discretion of the trial court, [t]he denial of all meaningful cross-examination into a legitimate inquiry constitutes an abuse of discretion." (Internal quotation marks omitted.) *Rousseau* v. *Perricone*, 148 Conn. App. 837, 844, 88 A.3d 559 (2014). "Every reasonable presumption should be made in favor of the correctness of the court's ruling in determining whether there has been an abuse of discretion." (Internal quotation marks omitted.) *State* v. *Bova*, 240 Conn. 210, 219, 690 A.2d 1370 (1997).

We have little difficulty concluding that the court abused its discretion in prohibiting the defendant from cross-examining the plaintiff during the hearing on the plaintiff's application for relief from abuse. As previously described, during the hearing, the plaintiff testified as to the defendant's allegedly abusive conduct toward her and their child. When the plaintiff's testimony concluded, counsel for the defendant sought to cross-examine the plaintiff. The court, however, stated: "No. I'm not going to allow cross-examination. This is a [order of protection] hearing. The court hears the statement of the [plaintiff] and then hears the response from the [defendant]." Such a complete denial of the

right to cross-examination is clearly an abuse of discretion.

In explaining its decision to preclude the defendant from cross-examining the plaintiff, it appears that the trial court distinguished the hearing on the plaintiff's application from a trial. We disagree, however, with the trial court's reasoning that the posture as a *hearing* affecting significant interests, as opposed to a *trial* doing such, obviates the need to provide an opportunity for cross-examination. The United States Supreme Court has held that, "[i]n almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." *Goldberg* v. *Kelly*, 397 U.S. 254, 269, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970). This court has also explained that "[a] fundamental premise of due process is that a court cannot adjudicate any matter unless the parties have been given a reasonable opportunity to be heard on the issues involved . . . . Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citation omitted; internal quotation marks omitted.) *Szot* v. *Szot*, 41 Conn. App. 238, 241, 674 A.2d 1384 (1996).

In the present case, in which the plaintiff had already testified, cross-examination would have aided the court in assessing credibility, including any "bias, motive, interest and prejudice" of the plaintiff; *State* v. *Milum*, 197 Conn. 602, 609, 500 A.2d 555 (1985); would have provided defendant's counsel with the opportunity to admit exhibits through the plaintiff, and could have affected its decision to issue the order of protection against the defendant.

In denying the defendant the opportunity to cross-examine the plaintiff during the hearing, the court denied the defendant "of all meaningful cross-examination into a legitimate inquiry"; (internal quotation marks omitted) *Rousseau* v. *Perricone*, supra, 148 Conn. App. 844; and, thus, clearly abused its discretion.[5]

The judgment is reversed and the case is remanded with direction to vacate the domestic violence order of protection.

In this opinion the other judges concurred.

* In accordance with federal law; 18 U.S.C. § 2265 (d) (3) (2018); we decline to identify any party protected or sought to be protected under a protective order or a restraining order that was issued or applied for, or others through whom that party's identity may be ascertained.

[1] The plaintiff represented herself before the trial court and did not participate in the present appeal. We, therefore, decide the appeal on the basis of the defendant's brief, the record, and the defendant's oral argument before this court.

[2] Hereinafter, unless otherwise indicated, all references to § 46b-15 in this opinion are to the 2019 revision of the statute.

General Statutes (Rev. to 2019) § 46b-15 (a) provides in relevant part: "Any family or household member . . . who has been subjected to a contin-

uous threat of present physical pain or physical injury, stalking or a pattern of threatening, including, but not limited to, a pattern of threatening . . . by another family or household member may make an application to the Superior Court for relief under this section. . . .”

[3] On appeal, the defendant also claims that the court improperly denied his motion for reconsideration and violated his first, second, fourth, and fourteenth amendment rights under the United States constitution and his rights under article first, §§ 3, 7, 9, 10, and 15, of the Connecticut constitution by improperly depriving him of his right to cross-examine the plaintiff during the hearing on the plaintiff’s application for relief from abuse and during the hearing on the defendant’s motions for reconsideration and for modification. We need not address these bases for reversal because we reverse on other grounds.

[4] Despite the expiration of the domestic violence order of protection on March 21, 2021, the defendant’s appeal is not moot. See *C. A.* v. *G. L.*, 201 Conn. App. 734, 736 n.4, 243 A.3d 807 (2020) (applying to order of civil protection under General Statutes § 46b-16a principle that “expiration of a six month domestic violence restraining order issued pursuant to . . . § 46b-15 does not render an appeal from that order moot due to adverse collateral consequences” (internal quotation marks omitted)).

[5] Our conclusion is also supported by an interpretation of the statute, § 46b-15. Although § 46b-15 does not explicitly provide a right to cross-examine witnesses during a hearing on an application for relief from abuse, General Statutes (Rev. to 2019) § 46b-15c (b) implies that one does in fact exist by providing that “[n]othing in this section shall be construed to limit any party’s right to cross-examine a witness whose testimony is taken in a room other than the courtroom pursuant to an order under this section.” (Emphasis added.) Construing title 46b of the General Statutes as a whole; see *Cunningham* v. *Planning & Zoning Commission*, 90 Conn. App. 273, 285, 876 A.2d 1257 (“[a] court must interpret a statute as written . . . and it is to be considered as a whole, with a view toward reconciling its separate parts in order to render a reasonable overall interpretation” (internal quotation marks omitted)), cert. denied, 276 Conn. 915, 888 A.2d 83 (2005); by explicitly preserving a party’s right to cross-examine witnesses *outside* of the courtroom, § 46b-15c implies that a party has a right to cross-examine witnesses *within* the courtroom during a hearing on a domestic violence order of protection pursuant to § 46b-15.

A review of our case law also supports this conclusion. In cases involving § 46b-15 order of protection hearings, cross-examination took place. See, e.g., *D. S.* v. *R. S.*, 199 Conn. App. 11, 23, 234 A.3d 1150 (2020); *Tala E. H.* v. *Syed I.*, 183 Conn. App. 224, 230, 192 A.3d 494 (2018), cert. denied, 330 Conn. 959, 199 A.3d 19 (2019); *Kyle S.* v. *Jayne K.*, 182 Conn. App. 353, 363, 190 A.3d 68 (2018); *Krystyna W.* v. *Janusz W.*, 127 Conn. App. 586, 589, 14 A.3d 483 (2011).